No. 14,608.

MUNDY *v*. THE PEOPLE.
(100 P. [2d] 584)

Decided February 19, 1940. Rehearing denied March 18, 1940.

548

Mr. Oval A. Phipps, for plaintiff in error.

Mr. Byron G. Rogers, Attorney General, Mr. Henry E. Lutz, Deputy, for the people.

*En Banc.*

Mr. Justice Knous delivered the opinion of the court.

A jury in the district court found plaintiff in error guilty of murder in the first degree and fixed the penalty at death. He brings the case here for a review of the judgment entered accordingly. Upon arraignment

plaintiff in error pleaded "not guilty" to the charge, but subsequently one of the judges of the criminal division of the Denver district court upon his own motion ordered that the further statutory plea of "not guilty bv reason of insanity at the time of the alleged commission of the crime and since" be entered on behalf of the accused. Springing from a technical construction of the language employed by the clerk of the district court in writing the minutes of the proceeding appearing in the record, some apprehension has arisen here with respect to the sufficiency of the latter plea. Any uncertainty so occasioned is dispelled by the circumstance that neither the trial judge in disposing of the motion for new trial, nor the attorney general in his presentation here, questions the regularity of entry or sufficiency of the plea in any particular. Nor properly should a case involving capital punishment be controlled by an academic doubt. We therefore proceed upon the premise that both pleas were made and sufficiently entered.

██ After the conclusion of the introduction of evidence the cause was submitted to the jury on the "not guilty" plea with forms of verdict appropriate thereto, *but no additional form of verdict with the words "not guilty by reason of insanity"* was given the jury. By omission in this particular, counsel for plaintiff in error, who had no connection with the case until appointed by the trial judge to conduct this proceeding of review, contends that in the light of the pleas of record and the provisions of section 510, chapter 48, '35 C. S. A., substantial errors arose and seeks reversal solely upon that ground.

Section 510, supra, section 4, chapter 90, S. L. 1927, relating to pleas of insanity in criminal cases, provides as follows: "If the plea is 'not guilty by reason of insanity at the time of the alleged commission of the crime', or 'not guilty by reason of insanity at the time of the alleged commission of the crime and since', in addition to the other forms of verdict, the jury shall be

given a form with the words 'not guilty by reason of insanity'. If said verdict is rendered, the defendant shall be confined in the Colorado State Hospital at Pueblo under the laws governing that institution." Before the passage of the act of 1927, the question of insanity could be raised in a criminal case under a general plea of not guilty. In order to avoid or lessen certain abuses which were believed to exist under the old practice, the legislature changed the method of raising the question of insanity in such cases by promulgating the procedure set out in section 1 of the 1927 act, a failure of compliance with which precludes an accused from demanding an acquittal by reason of insanity. *Ingles v. People,* 92 Colo. 518, 22 P. (2d) 1109. By the 1927 act the procedure only has been changed and the substance of the defendant's constitutional right to a jury trial on the question of insanity has been preserved. *Ingles v. People, supra.*

As is apparent from the remarks made in overruling the motion of plaintiff in error for a new trial, the court entertained the view that under the 1927 act, even where a special plea had been entered, the question of insanity could not properly be considered by the jury unless the accused introduced evidence thereon, which, in the court's opinion, he had failed to do in the instant case; and consequently it was unnecessary to give the special form of verdict mentioned in section 510, supra. In his argument for affirmance the attorney general proceeds under the same premise. Plaintiff in error points to certain evidence from which it is said insanity properly could be inferred notwithstanding no witness gave a direct opinion on the subject. However, as will appear, no occasion arises for a discussion of the evidence in disposing of the question. It is quite true that a statutory plea of insanity is not evidence tending to show that disability. Neither does it abrogate the principle that every person charged with crime is presumed to be sane until the contrary appears; nor re-

quire the people to prove, in the first instance, that the defendant was or is sane. *Ingles v. People*, 90 Colo. 51, 6 P. (2d) 455. Nevertheless, under the statute the *making* of the insanity plea and not the *state of the evidence*, calls for the special form of verdict. Thus, while the production of evidence of insanity, as well as its extent, undoubtedly are, and continue to be, the factors controlling the order of proof, the necessity for and type of instructions to be given the jury, a plea of not guilty because of insanity is not eliminated by reason of lack of direct proof. Where a man charged with crime pleads "not guilty," stands trial by jury and offers no evidence, notwithstanding that thereby the scope of the instructions may be limited, no one will contend that because of this deficiency of proof he is not entitled to have the jury pass upon his plea. Under the old procedure, if in such a case the jury inferred a lack of mental capacity from the appearance or conduct of the accused while in their presence, or from the factual circumstances disclosed by the evidence, as has been its province since the dawn of our system of jurisprudence, there could be no impeachment of a unanimous verdict of not guilty. Upon the same basis, if, under the procedure fixed by the 1927 act, the accused pleads not guilty solely because of insanity and yet does not testify nor produce a single witness in support thereof, it is equally obvious that the case must be submitted on the plea made and not otherwise, and the discretion of the jury remains the same as previously, even though the form of the verdict in the event of acquittal is different. This being true it would seem self-evident that where, as here, the two several pleas are made, as is permitted by the act, and the issues raised thereby are tried in one proceeding, as the statute likewise allows, even though no witness has expressed the opinion that the accused was or is insane, it none the less is the fundamental duty of the court to submit both pleas to the jury, and, in connection with the insanity plea, under the mandatory

requirements of section 510, supra, to give to the jury a form of verdict containing the statutory words therein prescribed. Failure here to so proceed denied plaintiff in error a trial in the form required by law and violated the substantial right thereby guaranteed.

Accordingly, the judgment is reversed and the cause remanded with directions to the district court to grant the motion of plaintiff in error for new trial.

MR. JUSTICE FRANCIS E. BOUCK, MR. JUSTICE BAKKE and MR. JUSTICE BURKE dissent.

For dissenting opinion of Bouck, J., see 106 Colo............