[Crim. No. 5409.   Second Dist., Div. Three.   Aug. 24, 1955.]

THE PEOPLE, Respondent, v. MANUEL PEREZ, Appellant.

Jesse Bach Porter for Appellant.

Edmund G. Brown, Attorney General, and James C. Maupin, Deputy Attorney General, for Respondent.

VALLÉE, J.—Defendant Perez was convicted by a jury of assault by means of force likely to produce great bodily injury. He appeals from the judgment and the order denying his motion for a new trial. He urges that the court "erred in decisions on questions of law," misdirected the jury, and erred in denying a new trial.

Viewed in the light most favorable to respondent, the evidence was as follows: About 5 p. m. on October 10, 1954 Carl Webb, his wife, his sister-in-law, and his three children left Norwalk Park in an automobile. As they left Webb noticed a group of young men on the sidewalk and in the parkway. Perez was in the group. Two of the group were wrestling or tussling with each other. Webb stopped his car to watch what the group was doing. He saw Perez run over to a tree which was about 12 feet from his car and jerk a bottle of beer out of a small six-pack. Perez held the bottle by the neck as if he was going to throw it at the car.

Webb immediately got out of the car and walked around in front of it to about three feet from where Perez was standing. He asked Perez to put the bottle down and Perez lowered his arm to his side. Another of the group asked Webb to take a swing on him if he wanted to fight. Webb told him he did not want to fight. Defendant Rocheford then approached and told Webb to mind his own business, that they were just having a drunken party and he had no business butting in. Webb's wife had left the car and was standing directly behind him. She asked him to "come on" and he started to turn to his right. As he did so, defendant Rocheford said to Mrs. Webb, "You two-bit whore, get back in the car." Webb turned to his left and at that moment was struck on the right temple and knocked to the pavement. He did not see who struck him or with what he was struck. At that time Perez was standing to Webb's right and Rocheford was in front of him. Webb was lying face-up on the ground and a foot struck him in the face, knocking him unconscious. A nerve in Webb's right temple was crushed, three teeth were

loosened, his mouth was lacerated, his eyes were blackened, and an artery "broken" in his left cheek.

Webb's sister-in-law testified that Perez hit Webb with the beer bottle and Rocheford "stomped him in the face."

■ In response to a question by the district attorney, Webb testified Perez held the beer bottle "up as if he was going to throw it towards the car." Defendant then objected on the ground the answer was a conclusion. The objection was overruled. Defendant asserts error. There was no error. The objection came too late. There was no motion to strike. The answer was merely a statement of what the witness saw. It was descriptive of the manner in which Perez held the bottle. ■ A witness who saw the fracas was asked, "Did you hear any other bottles hit the ground, or anything like that or——" Defendant objected on the ground the question called for a conclusion. The objection was overruled. Defendant claims error. There was no error. The question called for matters which the witness could perceive with his senses.

■ Referring to Perez, a witness said "It looked like he aimed—intended to throw it [the bottle] through the window of the car." Defendant asked "that the intended go out." The district attorney said, "All right." No action by the court appears. Defendant says the court erred. The record does not indicate the court was apprised of the fact that a motion had been made. It was the duty of counsel to press the matter and obtain a ruling. Not having done so, error cannot be claimed.

■ After the jury had been out about half an hour, they returned to the courtroom and stated through the foreman they wanted to know the difference between a felony and a misdemeanor. The following then took place:

"THE COURT: . . . All crimes are either felonies or misdemeanors. The difference being that, in the case of a misdemeanor there is no possibility of any State Prison sentence. In other words, if you get the kind of crime that could not be punished by State Prison, that is a misdemeanor. The crimes where the sentence could be a State Prison sentence are felonies.

"In other words, if you want to put it in ordinary English, we use a loose expression that State Prison offense is a felony.

"THE FOREMAN: If I may ask a question. That is really not what we are concerned with. We are trying to determine, according to the instructions—not the instructions, but the papers that we have to sign, according to those, the word

misdemeanor is mentioned and that's the first time it has been mentioned and we are trying to determine what a misdemeanor is and what a felony is in reference to what was done, not the sentence that might be passed.

"THE COURT: I do not know whether I get your idea. See whether this answers your question.

"The offense of simple assault is a misdemeanor. Assault by means of force likely to produce great bodily injury is a felony.

"Does that answer your question?

"THE FOREMAN: That will help, I'm sure."

Defendant says the court erred in its statement to the jury, but he does not indicate how or in what respect. We see no error.

█ The People requested this instruction: "All persons concerned in the commission of a crime who either directly and actively commit the act constituting the offense or who knowingly and with criminal intent aid and abet in its commission or, whether present or not, who advise and encourage its commission, are regarded by the law as principals in the crime thus committed and are equally guilty thereof.

"*[One who does not actively commit the offense, but who aids, promotes, or encourages its commission either by act or counsel or both, is not deemed by law to be guilty and shall not be found guilty of the crime unless he did what he did knowingly and with criminal intent. To abet another in the commission of a crime implies a consciousness of guilt in instigating, encouraging, promoting, or aiding the commission of such criminal offense.]*" The court gave the first paragraph. It did not give the second, italicized paragraph. Defendant asserts it was error not to give the second paragraph. The argument is that "Perez is accused by two prosecution witnesses [sic] of nothing more serious than standing with a bottle." There was no error. The evidence was that Perez actively committed the offense. He hit Webb with the beer bottle. The subject matter of the second paragraph was adequately covered by the first paragraph. (See Pen. Code, § 971.) The fact that some of the witnesses did not see Perez hit Webb did not call for instructing the jury in greater elaboration. The second paragraph had no application to the facts of the case.

█ The court declined to give the following instruction, requested by defendant:

"It is lawful for a person who is being assaulted, and who

has reasonable ground for believing that bodily injury is about to be inflicted upon him, to stand his ground and defend himself from such attack, and in doing so he may use all force and means which he believes to be reasonably necessary and which would appear to a reasonable person, in the same or similar circumstances, to be necessary to prevent the injury which appears to be imminent.''

Defendant claims error. The argument is: ''There was no instruction as to whether the act of holding the bottle was to be considered as a threat, or whether standing near when Loran Rocheford assaulted Mr. Webb, or just what constituted the assault. If Manuel Perez was apprehensive of an assault by the openly belligerent Mr. Webb, he certainly had a right to hang on to it.'' There was no error. There was no evidence that Perez was being assaulted, nor was there any evidence or inference that he believed bodily injury was about to be inflicted upon him. As written by the trial judge on the instruction, the defense witnesses denied ''any attack or assault by Webbs.''

The motion for a new trial was predicated on newly discovered evidence. An affidavit of Diana Stevenson was filed in support of the motion. She stated she saw a man she believed to be Webb get out of a car carrying a small beer bottle; he went up to a group of boys; his wife or another woman followed him and he handed the beer bottle to her and she put it back in the car; the man started talking to the boys and Perez moved away and went back of a hedge; the man raised his hand as if to hit Rocheford; Rocheford appeared to block the punch but actually hit the man with his fist and the man went down; at no time after Perez backed up to the hedge was he anywhere near the man.

■ These requirements must be fulfilled for the granting of a new trial on the ground of newly discovered evidence: (1) the evidence and not merely its materiality must be newly discovered; (2) the evidence must not be merely cumulative; (3) a different result must be probable on a retrial of the cause; (4) the party could not with reasonable diligence have discovered and produced it at the trial; (5) these facts must be shown by the best evidence which the case admits. (*People v. Sutton*, 73 Cal. 243, 247 [15 P. 86].) ■ A motion for a new trial on the ground of newly discovered evidence is looked upon with disfavor, and the trial court's ruling in that regard will not be disturbed except upon a clear showing of an abuse of discretion. (*People v. Miller*, 37 Cal.2d 801,

807 [236 P.2d 137].) ■ There was no showing of diligence. An affidavit of defendant's counsel stated that subsequent to the trial he discovered evidence "which will establish the fact that the complaining witnesses were under the influence of liquor." What that evidence was does not appear. There is no showing that the evidence could not with reasonable diligence have been produced at the trial. The court did not abuse its discretion in denying a new trial.

The judgment and the order denying a new trial are affirmed.

Wood (Parker), Acting P. J., and Ashburn, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.