No. 23515.

George T. Elliott *v.* The People of the
State of Colorado.
(490 P.2d 687)

Decided November 15, 1971.

374

ROLLIE ROGERS, State Public Defender, J. D. MACFAR-
LANE, Chief Deputy, RANDOLPH M. KARSH, Assistant, WIL-
LIAM J. CHISHOLM, Public Defender, City and County of
Denver, STEPHEN C. RENCH, Assistant, for plaintiff in
error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Michael T. Haley, Assistant, George E. DeRoos, Assistant, for defendant in error.

*In Department.*

Opinion by Mr. Justice Day.

Plaintiff in error, hereinafter referred to as defendant, was charged with aggravated robbery and conspiracy to commit robbery. He entered pleas of not guilty and not guilty by reason of insanity. A first sanity trial was held under procedures prescribed in the statute, subsequently held to be unconstitutional in the case of *People ex rel Juhan v. District Court,* 165 Colo. 253, 439 P.2d 741 (1968). Thus a new trial on the issue of sanity was granted and defendant was found sane by a jury. Error is assigned in both the sanity trial and the trial on the merits. We affirm the verdicts in each.

## THE SANITY TRIAL

Defendant first argues that the court erred in the second sanity trial in denying a defense motion for a directed verdict of "not guilty by reason of insanity." The contention is that the People put on no evidence initially and only produced its psychiatric expert offering the opinion that defendant was sane after the defendant had testified on his own behalf and had offered his own psychiatric evidence on his plea of insanity. In so doing the district attorney announced that he was initially relying solely on the presumption of sanity of the defendant. The psychiatric evidence of sanity was produced on rebuttal.

We perceive no error in the proceedings herein. The case differs from *People ex rel Juhan, supra,* in that there was no question in this case about the burden of proof but only of the order in which the proof was presented. The order in which the proof comes before the jury is discretionary with the court. There is no requirement that the prosecution initially produce its experts in

its case in chief. The presumption of sanity will operate until some evidence to the contrary is presented. *Palmer v. People,* 162 Colo. 92, 424 P.2d 766 (1967); *Henderson v. People,* 156 Colo. 229, 397 P.2d 872 (1965); *Mundy v. People,* 105 Colo. 547, 100 P.2d 584 (1940); *Arridy v. People,* 103 Colo. 29, 82 P.2d 757 (1938); *Graham v. People,* 95 Colo. 544, 38 P.2d 87 (1934); *Ingles v. People,* 90 Colo. 51, 6 P.2d 455 (1931).

■ Defendant's other argument directed to the sanity trial is a contention that the court committed prejudicial error by instructing the jury specifically concerning the test of defendant's credibility as a witness while a general instruction on the credibility of witnesses was also given. We have dealt with this question in *Hinton v. People,* 169 Colo. 545, 458 P.2d 611 (1969), and call attention to *Fernandez v. People,* 176 Colo. 346, 490 P.2d 690.

### TRIAL ON THE SUBSTANTIVE OFFENSES

In the trial on the merits, the evidence was simple and direct. The victim testified as to the occurrence of a robbery, and identified defendant as one of the perpetrators. One Priscilla Schmidt testified that she entered the store while the robbery was taking place, and also identified defendant as one of the perpetrators. An officer who responded to the call to the police testified that defendant and a friend were arrested within minutes of the robbery, one and one-quarter blocks from the store. A pistol was taken from the defendant, and a nickel-plated toy pistol and a paper sack containing currency were taken from his friend.

Defendant was convicted of "aggravated" robbery and conspiracy to commit robbery and received concurrent sentences.

Defendant first argues that there was insufficient evidence to prove beyond a reasonable doubt that the defendant had the specific intent "if resisted to maim, wound or kill." C.R.S. 1963, 40-5-1.

■■ We have heretofore held " * * * specific intent is ordinarily inferable from the facts and proof thereof is

necessarily by circumstantial evidence." *Johnson v. People,* 174 Colo. 413, 484 P.2d 110 (1971). In the instant case, the store owner and an eyewitness positively identified the defendant as one of the perpetrators of the robbery, and testified that he brandished a pistol at the time. The store owner testified that the defendant raised the pistol over his head, told him to turn around, and when the owner protested at the possibility of being struck, the defendant exclaimed, "I said turn around or I'll kill you."

The other eyewitness stated that the defendant "was getting ready to hit the owner of the store," and this statement was objected to as being conclusory. The court overruled the objection and error is directed to that ruling. We agree with the trial court's ruling.

While it is axiomatic that witnesses should relate facts and not conclusions, an exception to this rule exists when a witness has personally observed the physical activity of another, and summarizes his sensory impressions thereof because they " * * * can hardly be described in any other manner." *State v. Nichols,* 268 N.C. 152, 150 S.E.2d 21 (1966); *accord, State v. Bailey,* 4 N.C. App. 407, 167 S.E.2d 24 (1968); *see United States v. Alexander,* 415 F.2d 1352 (1969), *cert. denied* 397 U.S. 1014, 90 S.Ct. 1246, 25 L.Ed.2d 427; *State v. McCullough,* 94 Ariz. 209, 382 P.2d 682 (1963); *People v. Perez,* 135 Cal. App.2d 205, 286 P.2d 979 (1955). Since it would be difficult, if not impossible, to accurately and vividly describe defendant's bodily movements to the jury in a completely factual manner, and since Mrs. Schmidt qualified her conclusion immediately subsequent to defendant's objection by stating that defendant "looked like" he was going to hit the owner, the trial court committed no error in overruling defendant's objection to her testimony.

The evidence was sufficient to at least present a jury question as to whether the defendant possessed the requisite specific intent "to maim, wound or kill," if resisted. *See McGraw v. People,* 154 Colo. 368, 390 P.2d 819 (1964). "In such case, the finding of the jury is con-

clusive before this court." *Ruark v. People,* 157 Colo. 320, 402 P.2d 637 (1965).

The judgment is affirmed.

MR. JUSTICE HODGES, MR. JUSTICE GROVES and MR. JUSTICE LEE concur.