## No. 24945

### The People of the State of Colorado v. Robert A. Kernanen
(497 P.2d 8)

Decided May 8, 1972.

Jarvis Seccombe, District Attorney, Thomas P. Casey, Deputy, for plaintiff-appellant.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, T. Michael Dutton, Deputy, for defendant-appellee.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

Robert A. Kernanen, hereinafter referred to as the defendant, was charged with committing two robberies. One of the robberies occurred in Jefferson County and the other in the City and County of Denver. Both robberies were committed by the defendant within three hours on the same day. He was charged with the offense of robbery in both counties and interposed pleas of not guilty and not guilty by reason of insanity at the time of the alleged commission of the crime to both charges.

The defendant was first tried in Jefferson County on the sanity issue. The record discloses that the court appointed a psychiatrist to examine the defendant. The court-appointed psychiatrist took a detailed history of the defendant which covered his use of drugs and the events leading to his alleged

commission of the crimes in both Denver and Jefferson Counties. Thereafter, a non-contested sanity hearing was held in Jefferson County at which the psychiatrist testified. Based on the psychiatrist's testimony, the Jefferson County district court entered a final judgment which declared the defendant to be insane within the contemplation of 1965 Perm. Supp., C.R.S. 1963, 39-8-1(2).

■ Following the resolution of the charges in Jefferson County, the district attorney of the City and County of Denver sought to prosecute the defendant for the robbery which he committed in Denver. Relying upon the previous adjudication of insanity by the Jefferson County district court, defense counsel moved to dismiss. The motion was predicated on the doctrine of collateral estoppel as embodied in the double jeopardy clause of the Fifth Amendment to the United States Constitution. *See Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). *See also, Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), which made the double jeopardy clause of the Fifth Amendment applicable to the States. The motion to dismiss was granted, and the prosecution then brought this appeal. We reverse the trial court and remand for trial in accordance with the requirements of 1965 Perm. Supp., C.R.S. 1963, 39-8-3, and under the directions hereinafter set forth.

■ In *Ashe v. Swenson, supra,* the Supreme Court stated that the phrase collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a final and valid judgment, that issue cannot again be litigated between the same parties in any future lawsuit. . . ." The effect of the Court's pronouncement is that: (1) collateral estoppel may act as a complete bar to the subsequent prosecution if the issue previously decided in the defendant's favor "would be essential to the case against him on the second charge." *United States v. Kenny,* 236 F.2d 128, 130 (3d Cir. 1956); or (2) if the issue previously decided is not decisive of the outcome in the second prosecution, the doctrine of collateral estoppel "accords to the accused the right to claim finality with respect to a fact or group of facts

previously determined in his favor. . . ." *United States v. Carlisi,* 32 F.Supp. 479, 482 (D.C.N.Y. 1940). Comment, *Ashe v. Swenson: Criminal Law — Double Jeopardy — Collateral Estoppel,* 48 Denver L.J. 130, 131 (1971).

In this case, the doctrine of collateral estoppel is applicable if the issue of ultimate fact determined by the Jefferson County district court is germane to the determination to be made by the Denver district court. The other prerequisites to the applicability of the doctrine, namely, a valid and final judgment and identity of parties, have been satisfied. *See People ex rel. Juhan v. District Court,* 165 Colo. 253, 439 P.2d 741 (1968), and *Waller v. Florida,* 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970), respectively.

█ The ultimate issue of fact determined by the Jefferson County district court was that the defendant at the time of the commission of the offense in Jefferson County had suffered such an impairment of mind as to destroy the will power and render him incapable of choosing the right and refraining from doing the wrong. Although it is highly improbable that the defendant was not suffering from the same incapacity a few hours earlier when he allegedly committed the Denver offense, the defendant's state of mind at such time was not a matter distinctly put in issue or a question that was actually litigated in Jefferson County. Indeed, the court was without authority to determine such a question, and any ruling thereon would have been without binding effect. Consequently, the determination of the Jefferson County district court is not a bar to the subsequent prosecution in the Denver district court. *People v. Cornier,* 42 Misc.2d 963, 249 N.Y.S.2d 521 (1964); *People v. Lo Cicero,* 17 App.Div. 2d 31, 230 N.Y.S.2d 384 (Sup. Ct. 1962).

█ Although the doctrine of collateral estoppel is not sufficient to support a motion to dismiss in this case, it does afford the defendant the right in the subsequent sanity trial to claim finality with respect to the fact that he had become insane at the time of the commission of the crime in Jefferson County. Given this fact, the prosecution will not be

able to prove the defendant's sanity unless it can show that the defendant's mental state changed abruptly sometime after the offense was committed in Denver.

In proceeding under 1965 Perm. Supp., C.R.S. 1963, 39-8-3, the cause must be set for trial to the jury on the issue of insanity only, subject to two exceptions. The exceptions are that (1) the cause shall be set for trial to the court on the issue of insanity only, if agreed to in writing by the district attorney, the court, and the defendant; or (2) the cause shall be set for trial to the jury on the issue of guilt only, at the request of the defendant and upon the motion of the defendant.

■ If the cause is set for trial to the jury on the issue of insanity only, and the defendant is found sane, then the defendant shall be tried on the issue of guilt at a later time to a different jury. Likewise, if the cause is set for trial to the jury on the issue of guilt only, and the defendant is found guilty, then the defendant shall be tried on the issue of insanity at a later time to a different jury. For a discussion of the constitutional ramifications of bifurcated trials in cases involving an insanity defense, see Comment, *Due Process and Bifurcated Trials: A Double-Edged Sword,* 66 Nw.U. L. Rev. 327 (1971); Shadoan, *Raising the Insanity Defense: The Practical Side,* 10 Amer. Crim. L. Rev. 533 (1972). *See also,* Bendt, Balcanoff and Tragillis, *Psychiatric Examination of Alleged Offenders,* 58 A.B.A.J. 371 (April, 1972).

■ In all sanity trials which are conducted in accordance with 1965 Perm. Supp., C.R.S. 1963, 39-8-3, a presumption of sanity operates until *some* evidence to the contrary is presented. *Elliott v. People,* 176 Colo. 373, 490 P.2d 687 (1971); *Palmer v. People,* 162 Colo. 92, 424 P.2d 766 (1967); *Henderson v. People,* 156 Colo. 229, 397 P.2d 872 (1965); *Mundy v. People,* 105 Colo. 547, 100 P.2d 584 (1940). The requirement that the defendant present only *some* evidence of insanity to rebut the presumption is wholly proper, since a presumption is not evidence, and the primary purpose of the presumption of sanity is merely procedural convenience in those trials in which sanity is not really an

issue. *C. McCormick, Evidence* § 309 (1954); McBaine, *Presumptions: Are They Evidence?,* 26 Calif. L. Rev. 519, 554 (1938); Morgan, *Further Observations on Presumptions,* 16 S.Cal. L. Rev. 245, 250-51 (1943). Once the presumption of sanity has been rebutted, a directed verdict should be granted to the defendant if the prosecution fails to put on any evidence of the defendant's sanity. *People v. Anderson,* 159 Colo. 124, 410 P.2d 164 (1966); *Graham v. People,* 95 Colo. 544, 38 P.2d 87 (1934); *Phillips v. United States,* 311 F.2d 204 (10th Cir. 1962); *Fitts v. United States,* 284 F.2d 108 (10th Cir. 1960). For the prosecution to prevail after the presumption of sanity has been rebutted, it must prove that the defendant was sane beyond a reasonable doubt. *People ex rel. Juhan v. District Court,* 165 Colo. 253, 439 P.2d 741 (1968).

In this case, the presumption of sanity would clearly be overcome by the introduction of the judgment of the Jefferson County district court. The prosecution would then have the burden of showing that the conditions which caused the defendant to be declared insane by the Jefferson County district court fail to establish or prove that the defendant was insane at the time of the commission of the crime in Denver. That is, the prosecution would be required to show beyond a reasonable doubt that a change in the defendant's mental condition occurred between the time of the robbery in Denver County and the commission of the offense in Jefferson County. Absent such a showing, the Denver district court would be foreclosed from entering a judgment that the defendant was sane at the time the offense was committed in Denver.

Judgment reversed and remanded for trial in accordance with the directions set forth herein.

MR. CHIEF JUSTICE PRINGLE not participating.