No. 25525

**Kenneth Gomez v. The District Court in and for the County of Adams and the Honorable Judge Abraham Bowling, one of the Judges thereof**

(500 P.2d 134)

Decided August 21, 1972.

Rollie R. Rogers, State Public Defender, J. C. MacFarlane, Chief Deputy, Allan Lipson, Deputy, for petitioner.

Floyd Marks, District Attorney, Seventeenth Judicial District, Ronald M. Anderson, Deputy, for respondents.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

This is an original proceeding by which petitioner seeks to prohibit the respondent district court of Adams County from proceeding further in the prosecution of a criminal cause now pending before it. We issued our rule to show cause why the relief prayed for should not be granted. The matter is now at issue. We make the rule absolute.

The record shows that petitioner was charged in a complaint filed in the county court of Adams County with two counts of first-degree murder. A motion for a preliminary hearing was granted. Defense counsel then filed a motion in the county court to stay further proceedings on the grounds that petitioner had become insane since the alleged commission of the crime, and was therefore incompetent to enter a plea to the charges pending against him and unable to assist or aid counsel in the preparation of his defense. The stay order was issued and the cause was then certified to the district court, pursuant to 1965 Perm. Supp., C.R.S. 1963, 39-8-1(4). *Schwader v. District Court*, 172 Colo. 474, 474 P.2d 607.

Petitioner was ordered committed to the Colorado psychiatric hospital for examination concerning his alleged insanity. Subsequently, a sanity trial to a jury was held in the district court, as required by C.R.S. 1963, 39-8-6. The statutory test for determination of insanity under these circumstances is as follows:

"In case of any of the hearings hereinbefore mentioned, when the issue is whether the defendant has become insane since the commission of the offense and before trial, the following shall be the applicable test, and the jury shall be so instructed: 'The defendant is not to be considered as insane if he has sufficient intelligence to understand the nature and object of the proceeding against him and to rightly comprehend his own condition with reference to such proceeding, and has sufficient mind to conduct his defense in a rational and reasonable manner, although on some other subjects his mind may be deranged or unsound.' " C.R.S. 1963, 39-8-6(8)(a).

At the jury trial, two psychiatrists testified for petitioner.

Dr. Robert Fairbairn testified that petitioner was mentally ill, suffering from paranoid schizophrenia. It was the doctor's opinion, applying the applicable statutory test of insanity, that peitioner was incapable of comprehending his own condition with reference to the proceedings against him, that he was incapable of understanding the proceedings against him, and that he did not have sufficient mind to conduct his defense in a rational or reasonable manner. Dr. John M. McDonald, an eminent pyschiatrist and professor of forensic psychiatry at the University of Colorado Medical Center, concluded that in his opinion there was a serious doubt that petitioner had sufficient mind to conduct his defense in a rational and reasonable manner.

The prosecution chose not to offer any evidence of sanity, apparently relying solely upon the legal presumption of sanity. On the state of the evidence, petitioner moved for a directed verdict of insanity. The court denied this motion, stating that petitioner's sanity was a question of fact for the jury to determine, even though the evidence of petitioner's insanity was undisputed.

The court then submitted the issue of petitioner's insanity to the jury, which incomprehensibly returned a verdict of sanity. Petitioner's post-trial motions were denied. The cause was then certified back to the county court, where a preliminary hearing was scheduled for April 12, 1972. A stay of further proceedings was ordered, pending determination of this original proceeding.

In view of the record of evidence in this case, we conclude that the trial court erred in not directing a verdict of insanity. It is fundamental that a defendant is presumed to be sane. *Palmer v. People,* 162 Colo. 92, 424 P.2d 766; *Becksted v. People,* 133 Colo. 72, 292 P.2d 189; *Arridy v. People,* 103 Colo. 29, 82 P.2d 757. Under this pretrial statutory procedure, when a defendant raises the issue of insanity after the alleged commission of the crime, the burden is upon him to prove insanity by a preponderance of the evidence. C.R.S. 1963, 39-8-6(7). Inasmuch as the record here reveals no evidence whatsoever to dispute that offered by petitioner that he was insane and incapable of conducting

his defense in a rational and reasonable manner, the People could not therefore rely upon the presumption of sanity, which is no more than a rule of evidence. When evidence of insanity was produced by the petitioner, the presumption that he was sane disappeared. Under these circumstances, if the People are to prevail, they must produce evidence of sanity to rebut that of insanity produced by the defendant. *Fitts v. United States,* 284 F.2d 108 (10th Cir. 1960). Where the evidence is in dispute, insanity is a question of fact to be determined by the jury. Where there is no dispute in the evidence, as was the case here, the matter of insanity becomes a question of law. *Fitts v. United States, supra.*

■■■■ The statute requires that upon a finding of insanity (as there should have been here) the judge shall forthwith commit defendant to the custody of the Department of Institutions for placement in an institution for the care and treatment of the mentally ill, until it has been determined that defendant is no longer insane. 1969 Perm. Supp., C.R.S. 1963, 39-8-6(2). The trial court, and the county court, before preliminary hearing, plea or arraignment, thus lost authority to proceed further with the criminal proceedings. When the district court here certified the cause back to the county court for further criminal proceedings, it acted in excess of its jurisdiction. Thus, the remedy of prohibition is appropriate under the circumstances of this case.

We incidentally note that petitioner is an indigent and is represented by the public defender. The entire expense of all proceedings against petitioner is borne by the state. If the proceedings are infirm, it ill-behooves the People to unnecessarily incur the considerable expense of a murder trial where it is quite likely that the verdict at the conclusion of the trial would have to be set aside for want of competency of the defendant to stand trial. The interests of orderly and expeditious administration of justice require that the trial on the merits be abated.

The respondent district court is directed to set aside the jury verdict and to enter an order granting petitioner's motion for a directed verdict. Upon entry of such order of

insanity, the court shall enter an appropriate order of commitment, as required by the statute.

The rule is made absolute.

MR. JUSTICE GROVES and MR. JUSTICE ERICKSON not participating.