### No. 25049

**The People of the State of Colorado v. James Albert Johnson**
(503 P.2d 1019)

Decided December 4, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Tennyson W. Grebenar, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The defendant, James Albert Johnson, seeks to set aside a jury verdict which found him to be sane. He was charged with the crime of aggravated robbery. C.R.S. 1963, 40-5-1. A bifurcated trial was ordered after he entered pleas of not guilty and not guilty by reason of insanity at the time of the alleged commission of the offense. He was previously tried and found to be sane and was later convicted of the substantive crime of robbery and sentenced to the penitentiary. We ordered that a new trial be held on the sanity issue alone because of the trial court's failure to properly instruct the jury on the burden of proof. *Johnson v. People,* 172 Colo. 72, 470 P.2d 37 (1970).

On retrial of the sanity issue, the jury was properly instructed that the burden of proof was on the prosecution

to prove sanity beyond a reasonable doubt after evidence of insanity was introduced. The evidence in the second sanity trial, as in the first, was limited because of the defendant's refusal to talk to the court-appointed psychiatrist. Dr. Bradford Murphey, the court-appointed psychiatrist, attempted to interview the defendant on two separate occasions and posed questions to the defendant, which the defendant refused to answer. The only response that the Doctor could elicit from the defendant was, "I don't want to talk to you; you will have to talk to my lawyer." Based upon the defendant's reactions to the questions, and on so-called non-verbal communication, Doctor Murphey expressed the opinion that the defendant was sane. No other evidence was offered. The jury made its determination of the sanity issue on the basis of Doctor Murphey's testimony and their observations of the defendant.

The jury was fully instructed on the law of insanity, burden of proof, and on the presumption of sanity. The prosecution takes the position that the presumption of sanity retains its vitality until some evidence to the contrary is presented. We agree with the prosecution. *People v. Kernanen,* 178 Colo. 234, 497 P.2d 8 (1972); *Elliott v. People,* 176 Colo. 373, 490 P.2d 687 (1971). *See also, Gomez v. Dist. Ct.,* 179 Colo. 299, 500 P.2d 134 (1972). It was for the court to determine, in the first instance, whether the evidence presented was sufficient to dissipate the presumption of sanity. *Fitts v. United States,* 284 F.2d 108 (10th Cir. 1960). No evidence was presented to rebut the presumption of sanity, and on the state of the record, the jury properly returned a verdict finding the defendant to be sane.

We do not deem any of the appellant's remaining contentions to have merit.

Judgment affirmed.

MR. JUSTICE DAY does not participate.