No. 25780

**The People of the State of Colorado v.
Richard Andrew Sanchez**
(520 P.2d 751)

Decided April 1, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Patricia W. Robb, Assistant, for plaintiff-appellee.

Davies and Saint-Veltri, Joseph Saint-Veltri, for defendant-appellant.

*In Department.*

Opinion by MR. CHIEF JUSTICE PRINGLE.

Defendant Sanchez was convicted of sodomy, C.R.S.

1963, 40-2-31, and of being an habitual offender, C.R.S. 1963, 39-13-1. He was sentenced to not less than 14 years nor more than 20 years in the state penitentiary. On defendant's motion, the court commenced proceedings under the Colorado Sex Offenders Act of 1968. The court found that defendant constitutes a threat of bodily harm to members of the public, and pursuant to 1969 Perm. Supp., C.R.S. 1963, 39-19-3, sentenced defendant to the custody of the Department of Institutions for an indeterminate term having a minimum of one day and a maximum of life. The court ordered the respective sentences to run concurrently.

On appeal, defendant alleges that the court erred (1) by allowing an in-court identification which was tainted by an improper photographic lineup; (2) by refusing to instruct the jury that "the charge of sodomy is easily made but very difficult to disprove"; (3) by instructing the jury that it was "not to search for a doubt"; and (4) by sentencing defendant to concurrent terms in violation of the 1968 Sex Offenders Act. We find no merit in defendant's first three contentions. We do find, however, that defendant was improperly sentenced.

## I.

Defendant's first contention requires an examination of the totality of the circumstances to determine whether circumstances under which the victim identified a photograph of the defendant were "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States,* 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247, 1253; *Neighbors v. People,* 171 Colo. 349, 467 P.2d 804.

At the pre-trial suppression hearing, the testimony shows that an inmate of the Larimer County jail committed sodomy on his cellmate. The following day the victim was released from jail. The victim informed the police of the incident several days later. He identified the defendant as his assailant from a photographic spread. The court found that the spread was suggestive because all the pictures had names on them except the one of the defendant and the victim knew at the time of the identification that his assailant was named

Sanchez. He therefore ruled out the photographic identification, but stated that under the circumstances he would permit in-court identification if properly made.

At trial a second *in camera* hearing was conducted. Here it was brought out that the names on the pictures had in fact been covered up. The court found that the victim remembered the defendant from the jailhouse incident and not from the photographic spread. The court reasoned that the victim was in close confinement with the defendant for a number of hours during which time he had ample opportunity to imprint the defendant's face in his memory. It concluded that any suggestiveness surrounding the photo identification would not affect the in-court identification. Therefore, the in-court identification was allowed.

The trial court's findings are supported by the record, and the in-court identification by the victim was entirely proper. *Brown v. People,* 177 Colo. 397, 494 P.2d 587.

II.

The trial court refused to give the following instruction:

"You are instructed that the charge of sodomy is easily made but very difficult to disprove, and therefore you should examine the evidence in this case with critical care before arriving at a verdict."

Citing *People v. Putnam,* 20 Cal.2d 885, 129 P.2d 367, defendant maintains that the jury should have been so instructed. We recognize that sex related prosecutions afford a peculiar opportunity for the free play of malice and private vengeance of the alleged victim. *See* Note, *Corroborating Charges of Rape,* 67 *Colum. L. Rev.* 1137 (1967). Nevertheless, whether or not to give a cautionary instruction is within the trial court's discretion. *Magwire v. People,* 77 Colo. 149, 235 P. 339; *Jordan v. People,* 161 Colo. 54, 419 P.2d 656. We find no abuse of discretion here.

III.

Defendant next argues that the trial court erred in instructing the jury that they were "not to search for a doubt." Defendant's argument was considered and rejected in

*People v. Bowen,* 182 Colo. 294, 512 P.2d 1157, and *People v. Sharpe,* 183 Colo. 64, 514 P.2d 1138.

### IV.

■ Defendant's fourth contention turns on the construction of sentencing provisions of the Colorado Sex Offenders Act of 1968, 1969 Perm. Supp., C.R.S. 1963, 39-19-1, *et seq.* Defendant argues that his indeterminate commitment under the Sex Offenders Act is *in lieu of* his sentence under the Habitual Criminal Act and, therefore, the trial court erred in sentencing him to concurrent terms under the respective statutes. We agree.

The following sections spell out the jurisdiction of the trial court:

"39-19-3. *Indeterminate commitment* — The district court having jurisdiction may, subject to the requirements of this article, *in lieu of the sentence otherwise provided by law,* commit a sex offender to the custody of the department for an indeterminate term having a minimum of one day and a maximum of his natural life.

"39-19-11. *Findings of fact and conclusions of law* — (1) After the evidentiary hearing, the court shall, within five days, make oral or written finding of fact and conclusions of law.

"(2) If the court finds beyond a reasonable doubt that the defendant, if at large constitutes a threat of bodily harm to members of the public, the court shall commit the defendant pursuant to section 39-19-3.

"(3) If the court does not find as provided in subsection (2) of this section, it shall terminate proceedings under this article, and proceed with sentencing as otherwise provided by law." (Emphasis supplied.)

Only if the court finds that the defendant is a threat to the public, has it the power to commit the defendant for an indeterminate term. If it elects to exercise this option, it must do so "in lieu of the sentence otherwise provided by law." 39-19-3.

In the instant case, the court made the requisite finding and, therefore, had the power to commit the defendant.

However, it is expressly barred from imposing a concurrent term for the underlying offense. Therefore, we remand the case to the trial court for it to exercise its option of either sentencing the defendant under the Habitual Criminal Act or commiting him under the Sex Offenders Act.

MR. JUSTICE DAY, MR. JUSTICE GROVES and MR. JUSTICE LEE concur.