No. 25732

**The People of the State of Colorado v.**
**Joseph Carl Lyons**
(521 P.2d 1265)

Decided May 13, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellant.

MR. JUSTICE DAY delivered the opinion of the Court.

This is an appeal from a sentence of from twenty-five years to life and dismissal of proceedings under the "Colorado Sex Offenders Act of 1968," 1969 Perm. Supp., C.R.S. 1963, 39-19-1 *et seq.* The only issue presented by appellant Lyons is whether the doctrine of collateral estoppel affords him the right to require a trial court to adopt a previous finding in another case — before a different district judge — that he was a threat to the members of the public under section 39-19-11(2). In our view, however, the doctrine of collateral estoppel has no application, for we hold that under the Act the district court has the option of sentencing or committing a defendant who has been found to be a threat to the public.

I.

Appellant has a long and varied history of sexual offenses.

In late 1971, he was arrested and charged with numerous sexual offenses. The charges evolved into two distinct criminal actions. In case No. 16492, a two-count information, he was charged in count I with taking indecent liberties with a child under the age of sixteen on October 11, 1971, and, in count II, with unnatural carnal copulation occurring on the same date. In case No. 16488, he was charged with statutory rape, allegedly committed on May 31, 1971. In both cases, Lyons plead guilty and filed a motion to proceed under the Colorado Sex Offenders Act, 1969 Perm. Supp., C.R.S. 1963, 39-19-5. Because these offenses were the result of distinctly different acts, they were not joined in the same proceeding, Crim. P. 13, 14.

In case No. 16492, which was resolved first, the district court determined that Lyons constituted a threat of bodily harm to members of the public as provided in section 39-19-11(2) and ordered that he be committed pursuant to section 39-19-3 from one day to life. Contrary to the action of the judge then sitting in the district court, a different judge terminated the proceedings under the Sexual Offenders Act, section 39-19-9, in case No. 16488 on appeal here. The judge, making an independent determination, found that Lyons did not constitute a threat to the members of the public and sentenced him to from 25 years to life within the range of punishment for statutory rape as provided by C.R.S. 1963, 40-2-28. It is this sentence which is the basis for the appeal.

## II.

Appellant's position is that the district court proceeding in case No. 16492, which culminated in his being sentenced under the Sex Offenders Act, permits him to invoke the doctrine of collateral estoppel so as to bind the district court in the dispositional phase in case No. 16488.

As one of several options afforded a court in determining punishment after conviction, the legislature in 1968 enacted a comprehensive scheme for the processing of sex offenders. 1969 Perm. Supp., C.R.S. 1963, 39-19-1 *et seq.* Two sections are of importance here. By section 39-19-3,

the legislature vested the district courts with discretion to order commitment of a sex offender "in lieu of the sentence otherwise provided by law." In *People v. Sanchez,* 184 Colo. 379, 520 P.2d 751, we held that this section, read together with section 39-19-11(2), established that the district courts could not give a defendant, who was found to constitute a threat of bodily harm to the public, a sentence of commitment *and* a sentence of imprisonment. As we noted in *Sanchez,* however, the district courts have the option to either sentence the defendant to imprisonment or order that he be committed. That option is available notwithstanding a finding that a defendant constitutes a threat of bodily harm to the members of the public. In short, the effect the legislature has given to a finding of a threat to the public is not an automatic right to commitment. From this it logically follows that the district court in case No. 16488 is similarly vested with the option of committing or sentencing the defendant.

Appellant points to no other error, and we therefore affirm.

MR. JUSTICE GROVES dissents.

MR. CHIEF JUSTICE PRINGLE does not participate.

MR. JUSTICE GROVES dissenting:

I must agree that under *People v. Sanchez,* 184 Colo. 379, 520 P.2d 751 (1974), the court can find that the defendant constituted a threat of bodily harm to the public on May 19, 1972, and still sentence him under C.R.S. 1963, 40-2-28 to a term of twenty-five years to life. However, in the light of the finding made three months previously that he was a threat of bodily harm to the public and the sentence at that time of one day to life, it is my view that, in the absence of a showing of a change justifying a different sentence, the present sentence offends traditional notions of fair play and substantial justice. Therefore, I would apply the doctrine of collateral estoppel and direct the imposition of a sentence under the Sex Offenders Act. *People v. Kernanen,* 178 Colo. 234, 497 P.2d 8 (1972).