## No. 28091

### The People of the State of Colorado v. Joseph Carl Lyons, a/k/a Jack Lyons

(585 P.2d 916)

Decided October 23, 1978.                    Rehearing denied November 13, 1978.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, J. Stephen Phillips, Assistant, for plaintiff-appellee.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Carol L. Gerstl, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

On September 2, 1976, appellant filed *pro se* a Crim. P. 35(b)(2) motion in the District Court of El Paso County to set aside and vacate a judgment sentencing him from one day to life under the Colorado Sex Offenders Act (section 16-13-201, *et seq.,* C.R.S. 1973, formerly C.R.S. 1963, 39-13-201, *et seq.,* Colo. Sess. Laws 1972 at 255). The court denied his motion to set aside and vacate the sentence. We affirm.

In November 1971, appellant was charged with committing an assault on a child under sixteen, and with committing the crime against nature. After his entry of a plea of not guilty by reason of insanity to the first charge and a plea of guilty to the second charge, the district attorney dismissed the first charge. The defendant, pursuant to now section 16-13-205, moved the court to commence proceedings under the Sex Offenders Act. On May 19, 1972, the court sentenced the appellant under the Act. His sentence was upheld by this court in *People v. Lyons,* 185 Colo. 112, 521 P.2d 1265 (1974).

When appellant made the 35(b) motion, the court, without a hearing, found he had been extended all the procedural safeguards to which he was entitled at the time of his plea and was not entitled to a jury determination of sentence. Appellant does not challenge these findings on appeal, but urges that counsel should have been appointed to argue his claims before the trial court and that he should have been afforded an evidentiary hearing. These constitute the only issues on this appeal.

In December 1975, appellant filed a similar Crim. P. 35(b) motion. An identical copy of that motion was filed on April 28, 1976. At that time, counsel was appointed, a hearing was held, and the motion was "stricken." There appears to be no justification for repetitive motions. Consequently, the trial court did not err in not appointing counsel. In *People v. Hubbard,* 184 Colo. 243, 519 P.2d 945 (1974), involving a similar factual setting, this court considered the Sixth Amendment right to counsel in post-conviction proceedings and stated:

"[I]t is possible for full review to be accomplished in a single Crim. P. 35(b) proceeding, and no justification exists for condoning successive and often repetitive motions for post-conviction relief. . . . If a second or successive motion is filed, it may be summarily dismissed without a hearing unless [the failure to assert all grounds in one motion was excusable]. . . . "

This court has repeatedly held that an evidentiary hearing is not required on post-conviction petitions when only questions of law are

386

presented. *People v. Trujillo,* 190 Colo. 497, 549 P.2d 1312 (1976); *People v. Martinez,* 184 Colo. 155, 524 P.2d 73 (1974). Inasmuch as counsel need not be appointed when the claim for relief is wholly unfounded and a prior post-conviction motion has already been heard, summary disposition is proper. *People v. Hubbard, supra.*

The judgment is affirmed.