The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Ira D. LUSTGARDEN, Defendant–Appellant.

No. 94CA0717.

Colorado Court of Appeals, Div. III.

Sept. 14, 1995.

As Modified on Denial of Rehearing Oct. 12, 1995.

Certiorari Denied April 15, 1996.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Robert M. Petrusak, Assistant Attorney General, Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Kathleen A. Lord, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Chief Judge STERNBERG.

The defendant, Ira D. Lustgarden, appeals the denial of his Crim.P. 35(c) motion. We affirm.

In 1983, defendant was charged with two counts of sexual assault on a child, in violation of § 18–3–405, C.R.S. (1986 Repl.Vol. 8B). Following plea negotiations, he entered a guilty plea to one count in exchange for dismissal of the second. After conducting a providency hearing and concluding that the plea was knowingly and voluntarily entered, the court accepted it. The court did not advise the defendant of the possibility of sentencing under the Sex Offender Act (the Act) as required by § 16–13–201, et seq., C.R.S. (1986 Repl.Vol. 8A), the plea documents contained no reference to or advisement of that sentencing alternative, and defendant was not sentenced under the Act.

Finding extraordinary aggravating circumstances, the court sentenced defendant to the maximum term of eight years incarceration plus one year of parole. The sentence was to run consecutively to an eight-year sentence imposed in a prior case.

In 1989, while defendant was serving this sentence and shortly before he would have been released on mandatory parole, the parole board changed its decade-long policy of applying mandatory parole to persons convicted of sexual assaults. Instead, the board began exercising discretion in deciding whether such inmates would be released on parole. This interpretation by the parole board was upheld in *Thiret v. Kautzky*, 792 P.2d 801 (Colo.1990). Thus, defendant would not be automatically paroled after serving half of his sentence, if his behavior was good, but instead could be required to serve the full eight-year term of imprisonment on both sentences.

Defendant applied for and was denied parole. He then filed a Crim.P. 35(c) motion for post-conviction relief asserting, *inter alia*, that his plea had been entered unknowingly and involuntarily because: (1) the plea was based upon erroneous advice of counsel and a misunderstanding of the court and the parties regarding the application of mandatory parole to defendant's sentence; and (2) the providency court had failed to advise him of the possibility of sex offender sentencing.

As a remedy, defendant asked that his sentence be reduced so as to reflect the terms of the plea bargain as it was interpreted at the time of sentencing. Alternatively, defendant asked that his conviction be vacated because it was entered without his having understood the consequences of pleading guilty.

After conducting a hearing, the court concluded that, while defendant may have expected to serve only one-half of his sentence, he had received no guarantee to that effect. The court ruled that there was no evidence that the district attorney had promised that defendant's sentence would be subject to mandatory parole and, therefore, there was no agreement for the court to enforce. Accordingly, defendant's motion was denied. This appeal followed.

I.

Defendant contends that he is entitled to specific performance of a purported

plea agreement entitling him to a sentence of four years. In the alternative, he argues that his plea was not voluntarily made. We do not agree.

On facts more compelling than those present here, these issues have been decided adversely to defendant in *People v. Wilbur*, 890 P.2d 113 (Colo.1995). There, the trial court specifically advised defendant that the parole board would likely grant him parole after he served 9 of the 18 years, or one half, of his sentence. However, the *Thiret* decision was handed down before the defendant reached the halfway point of his sentence. Defendant then filed a Crim.P. 35(c) motion, seeking specific enforcement of his understanding that his sentence would be one-half of the term of his plea bargain.

The supreme court held that the trial court's advisement of the parole board's policy at the time of sentencing did not cause defendant's plea to be involuntarily made, nor did the advisement constitute an enforceable expectation or promise regarding his release date. *People v. Wilbur, supra.*

In this case, neither the People nor the trial court represented that defendant would be released on parole at any particular time. Indeed, the providency court specifically stated to defendant that it "would not be bound by any representations made to [defendant] concerning the penalty to be imposed or the granting or denial of probation...." In addition, neither the trial court nor the prosecutor referred to the parole board's early-release policy. The only mention made to defendant of that policy was by his attorney.

Thus, the supreme court's decision in *Wilbur* is controlling, and we reject defendant's arguments in this regard.

## II.

The defendant next argues that the trial court's failure to advise him of the possibility of sex offender sentencing pursuant to § 16–13–201, et seq., C.R.S. (1986 Repl.Vol. 8A), requires that he be allowed to withdraw his guilty plea. We disagree.

Section 16–13–203, C.R.S. (1986 Repl.Vol. 8A) of the Sex Offenders Act, entitled "Indeterminate Commitment," permits a trial court to commit a sex offender to custody for an indeterminate term from one day to life. Section 16–13–204, C.R.S. (1986 Repl.Vol. 8A) of the Act states that:

> Before the district court may accept a plea of guilty from any person charged with a sex offense, the court shall, in addition to any other requirement of law, advise the defendant that he may be committed to the custody of the department, including any penal institution under the jurisdiction of the department....

The record shows that the providency court had not advised defendant of the fact that he might be committed to a term of one day to life, if sentenced under the Act.

The purpose behind the adoption of the Sex Offenders Act is to protect the public from proven dangerous sex offenders. *See People v. White*, 656 P.2d 690 (Colo.1983). Sentencing under the Act is an alternative which may be granted or denied by the trial court in its discretion. *See People v. Breazeale*, 190 Colo. 17, 544 P.2d 970 (1975). However, there is no constitutional or statutory right to be sentenced under the Sex Offenders Act. *See People v. Lyons*, 185 Colo. 112, 521 P.2d 1265 (1974).

Here, the defendant was originally charged with two separate counts involving the same victims. The second count was dropped through the plea bargaining process, and defendant agreed to plead guilty to the first count, which carried with it a maximum sentence of eight years if the court found aggravating circumstances. Defendant had committed the same type of offense in another state and previously had been convicted of a similar offense in Colorado. Based on these considerations, the court found aggravating circumstances and sentenced him to eight years' imprisonment. He was not sentenced under the Sex Offenders Act.

We find no merit in defendant's argument that his guilty plea entered over a decade earlier must be set aside because the court allowed him to accept a plea bargain without informing him that, if the court exercised its discretion to sentence him under the Sex Offenders Act, he could have been sentenced to a term of up to the maximum of his

natural life. Since defendant was not sentenced under the Sex Offenders Act, the error in not advising him of sentencing options under the Act was not prejudicial.

Consequently, while it would have been better practice to inform defendant of sentencing possibilities under the Sex Offenders Act, the failure to do so was harmless. *See People v. McKnight*, 626 P.2d 678 (Colo. 1981).

### III.

Defendant's final contention is that his attorney's failure to anticipate the change in policy by the parole board constituted ineffective assistance of counsel. This argument, however, has been decided adversely to him in *People v. Moore*, 844 P.2d 1261 (Colo.App.1992). We follow the rule in *Moore. But see People v. Moore, supra* (Ruland, J., dissenting).

The judgment is affirmed.

BRIGGS and PIERCE *, JJ., concur.