# No. 19,883.

## NICHOLAS LEROY TRUJILLO *v.*
## PEOPLE OF THE STATE OF COLORADO.
(372 P. [2d] 86)

Decided May 28, 1962.  Rehearing denied June 18, 1962.

Mr. CHARLES S. VIGIL, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E.

HICKEY, Deputy, Mr. GEORGE W. NICASTRO, Special Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

PLAINTIFF in error, to whom we will refer as the defendant, was charged with first degree murder. He entered pleas of not guilty and not guilty by reason of insanity. The issue of insanity was tried separately resulting in a verdict finding defendant sane. The issues raised by the plea of not guilty were tried before a different jury, and defendant was found guilty of murder in the first degree and his punishment fixed at life imprisonment. Judgment entered accordingly.

The arguments presented for reversal of the judgment may be summarized as follows:

First. That the defendant and the deceased were engaged in "mutual combat" and that the death was caused by injuries received in connection therewith, and it is argued that under such circumstances the defendant could not be guilty of a higher degree of homicide than voluntary manslaughter.

In the signed statement of defendant, received in evidence, it is asserted that defendant and deceased went to the scene of the homicide to engage in a fight. There is no other evidence relating to "mutual combat." Assuming that the altercation began as a "mutual combat," it is clear from the evidence offered by the prosecution that the injuries resulting in death were not inflicted by defendant during such combat. The combat, if any, had ended. The deceased had been knocked to the ground and defendant demanded that he "get up," and admittedly kicked deceased in the head numerous times as he walked around the prone body on the ground. Each kick was delivered with sufficient force to cause the body to move. A witness who observed the acts of defendant

went a short distance to call police. She returned about five minutes later and witnessed defendant still kicking the deceased. She stated that they were "forceful kicks — like kicking a football." The medical evidence established that the deceased died from multiple wounds on the head and right shoulder, and tears and lacerations over the entire head, together with profuse bleeding. There were no lacerations or tears on the lower body, and internal examination disclosed that the fatal injuries were those on the head, constituting the primary injury and the cause of death. There was a collapse of the right eyeball and numerous small fractures of the bones in the nose.

Defendant admitted kicking the deceased in the head, and fleeing from the scene when another witness arrived. This witness secured the license number of defendant's car and defendant was immediately arrested. Defendant admitted that he had removed his shoes and washed away the blood deposited thereon from kicking the deceased. There is no dispute in the evidence in this connection.

■ There was no testimony warranting an instruction on "mutual combat" and no request for such instruction was made in the trial court, the subject being mentioned for the first time in the briefs filed in this court. In the trial court the theory of defendant was that he acted in self defense and the jury was properly instructed with reference thereto.

■ Second. It is argued that a new trial should have been granted on the ground of newly discovered evidence. The evidence claimed to be newly discovered was that the deceased had made threats against the defendant at a time prior to the homicide. It is admitted that defendant had no knowledge of the alleged threats until after his conviction. We know of no authority which sanctions the granting of a new trial based on alleged newly discovered evidence consisting of threats made by a deceased person which had not been communicated to

the accused at the time of the homicide. The authority in this jurisdiction is to the contrary. *Honda v. People,* 111 Colo. 279, 141 P. (2d) 178.

In *Miles v. People,* 131 Colo. 400, 282 P. (2d) 1096, the court quoted with approval from *Sebold v. Rieger,* 26 Colo. App. 209, 142 Pac. 201, as follows:

"Motions for new trials, based upon newly discovered evidence, are regarded with suspicion and disfavor, and are left to the sound discretion of the trial judge whose action in denying such motions will not be reversed except for gross abuse of discretion."

The trial court did not err in denying the motion for a new trial based on alleged newly discovered evidence.

Third. It is argued that during the trial on the issue of insanity the trial court committed error in admitting evidence relating to facts upon which the murder charge was based. If we correctly understand the position of counsel for defendant, he insists that evidence of specific conduct directly connected with the crime charged cannot be considered by a jury selected to determine the sanity of the accused at the time of the alleged offense. Counsel asserts that he has "no authority to cite except reason and good judgment merit this argument being made. No justification for granting a separate trial on the issue of sanity exists if, in fact, the district attorney was permitted to, and did, in fact produce the same evidence in both trials to the prejudice of the defendant in such a case. * * *"

■ Counsel misconceives the reason for a separate trial on the issue of insanity. A much wider area of conduct on the part of a defendant can be made the subject of inquiry in a trial relating to his sanity, than would be permissible in a trial upon a plea of not guilty. Any abnormal conduct, whether related to the act forming the basis of the accusation or not, may be relevent and important on the issue of his mental condition. Conversely, evidence of normal conduct, and actions reflecting the usual and ordinary under the circumstances, may be

shown to prove sanity. The separate trial is provided in order to protect the accused from prejudice which might arise in the minds of a jury trying both the issue of guilt and of mental condition. Separate trials of these issues are provided to safeguard, as far as possible, against the prejudice likely to arise by reason of the wide variety of evidence which might be competent on the issue of insanity and which would not be admissible upon trial of the not guilty plea.

Fourth. It is argued that the trial court erred in the instructions given, and in refusing instructions tendered by defendant, and in receiving in evidence a photograph of the deceased showing the condition in which defendant left him. We have carefully reviewed the record here and find no merit in these contentions.

The judgment is affirmed.

MR. JUSTICE PRINGLE not participating.