No. 21360.

HARRY RUPERT *v.* THE PEOPLE OF THE STATE OF COLORADO.
(398 P.2d 434)

Decided January 25, 1965.      Rehearing denied February 8, 1965.

Plaintiff in error, pro se.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JOHN P. MOORE, Assistant, for defendant in error.

*En Banc.*

Mr. Justice McWilliams delivered the opinion of the Court.

By direct information Rupert was charged with the crime of kidnapping (C.R.S. '53, 40-2-44), the date of this alleged offense being March 13, 1962. To this charge Rupert pled "not guilty by reason of insanity at the time of the alleged commission of the crime" and upon trial of that issue, which was held on June 14, 1962, a jury determined that Rupert "was sane at the time the alleged offense was committed." On July 20, 1962, Rupert's motion for a new trial was denied, whereupon over objection of the district attorney Rupert was then allowed to enter a general plea of not guilty, with the matter being set for trial on October 23, 1962.

On October 19, 1962, Rupert filed a motion to "stay further proceedings," alleging as reason therefore that he was *then* insane and had become so *subsequent* to the date of the offense with which he stood charged, i.e. March 13, 1962. The issue as to whether Rupert had thus become insane was tried to a jury on December 20, 1962, and resulted in a directed verdict that Rupert was insane and had become so subsequent to March 13, 1962, the date of the alleged offense. Thereupon, the trial court pursuant to C.R.S. '53, 39-8-6(2) committed Rupert to the Colorado State Hospital, "to be there confined until it has been duly determined that he is no longer insane." Rupert was subsequently transferred under executive order to the State Penitentiary.

In September 1963 Rupert filed with the trial court a "Motion in the Nature of Coram Nobis to set aside the Verdict of the Jury and to declare a New Sanity Trial" and a Motion under Rule 35, Colo. R. Crim. P., contending that there was error in his "first sanity trial" which, as noted above, resulted in the determination that he

was sane at the time of the alleged commission of the crime. These motions were summarily denied by the trial court and by writ of error Rupert now seeks reversal of the order denying the aforementioned motions.

■■ Rule 37, Colo. R. Crim. P. provides that "a writ of error shall lie from the Supreme Court to a final judgment of any court of record in any criminal proceeding" and that "for the purposes of these rules . . . a judgment shall be final when it terminates the litigation on its merits." In the instant case a jury has determined that Rupert was sane at the time of the alleged commission of the offense, but there remains unresolved the issue raised by Rupert's plea of "not guilty" to the kidnapping charge. Under applicable statute this issue cannot be tried until it first be determined that Rupert is no longer insane and "is able to understand the nature and object of the proceeding against him." Hence, until such time as there be a determination that Rupert is no longer insane and also until such time as the issue raised by Rupert's general plea of "not guilty" be resolved, there can be no final judgment to which a writ of error would lie, as the litigation has not yet been terminated on its merits. The foregoing is deemed to be in complete accord with *Leick v. People,* 136 Colo. 535, 322 P.2d 674.

The writ of error is premature and is therefore dismissed.

Mr. Justice Moore and Mr. Justice Sutton not participating.