No. 21932.

Harry Eugene Rupert *v.* The People of the State of Colorado.

(429 P.2d 276)

Decided July 3, 1967. Rehearing denied July 31, 1967.

Frank J. Reinhard, Jr., for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, John P. Moore, Assistant, for defendant in error.

*In Department.*

Opinion by Mr. Justice McWilliams.

RUPERT was charged with the crime of kidnapping, to which charge he first entered a plea of not guilty by reason of insanity. Upon trial of this particular issue a jury determined that Rupert was sane at the time the alleged offense was committed.

Rupert thereafter entered a general plea of not guilty. Upon trial of the issues raised by this plea the trial court, sitting without a jury, adjudged Rupert guilty of the crime of kidnapping and sentenced him to a term in the state penitentiary of from fifteen to twenty years. By this writ of error Rupert now seeks reversal of the judgment and sentence thus imposed.

After the sanity trial, but before his trial to the court on the issues raised by his general plea of not guilty, Rupert unsuccessfully sought review by us of his sanity trial. In *Rupert v. People*, 156 Colo. 277, 398 P.2d 434 we held that under the circumstances his request was premature.

However, upon the oral argument of the instant writ of error, this court, on its own motion, entered an order that the record of Rupert's sanity trial be consolidated with the record of his trial to the court on the issues raised by his general plea of not guilty. Hence, our present disposition of this matter is now made upon the *entire* record filed by Rupert in this court, namely, the record in the instant case *and* the record of his sanity trial.

Rupert contends that the judgment and sentence must be reversed upon any one of the following grounds:

1. that during the course of the sanity trial the trial court erred when it permitted Durham, a lay witness, to express an opinion as to Rupert's sanity;

2. that during the course of the sanity trial the trial court further erred when it admitted into evidence a gun used by Rupert;

3. that in the sanity trial the trial court also erred in its refusal to direct the jury to return a verdict finding

Rupert insane at the time of the alleged commission of the crime; and

4. that during the trial of the issues raised by Rupert's general plea of not guilty the trial court, sitting without a jury, erred when it "rejected the unrefuted" testimony of Dr. Karcher, a psychiatrist, that Rupert was incapable of forming "any intent" on the date when the crime allegedly occurred.

 As concerns the propriety of permitting a lay witness to express an opinion as to the sanity of another, in *Turley v. People,* 73 Colo. 518, 216 P.536, we declared as follows:

"A non-expert witness may never, in response to purely hypothetical questions stating the facts, be permitted to give an opinion on the question of sanity. But by the great weight of authority one who, in the opinion of the trial court, shows adequate means of becoming acquainted with the person whose mental condition is in issue, after detailing the facts and circumstances concerning his acquaintance and the acts, conduct and conversation upon which his conclusion is based, may give his opinion on the question of sanity. The weight of that opinion is for the jury . . . .

"This rule, supported by the weight of authority and better reasoning, has been adopted by the courts in this jurisdiction. . . ."

Application of the foreging rule compels the conclusion that the trial court committed no error in permitting Durham to express his opinion as to Rupert's sanity. Durham did relate in considerable detail the facts and circumstances concerning his acquaintance with Rupert, as well as the "acts, conduct and conversation" upon which his opinion was based. Under these circumstances, then, his opinion as to Rupert's sanity was admissible, with the weight to be accorded his opinion being a matter to be determined by the jury. See also in this same general regard *Young v. Colorado National*

*Bank,* 148 Colo. 104, 365 P.2d 701, and *Leick v. People,* 136 Colo. 535, 322 P.2d 674.

■ Nor do we perceive any prejudicial error in admitting into evidence in the sanity trial the weapon used by Rupert in his kidnapping of Durham, though better practice would suggest that the gun should not have been received into evidence for the reason that its probative value on the only issue in the case was at best tenuous. However, Durham's testimony as to Rupert's various and sundry actions and his general conduct, as well as the conversation which he had with Rupert, were all admissible as showing the basis for his opinion as to Rupert's sanity. Under these circumstances, then, it was not prejudicial error to admit into evidence the aforementioned gun about which Durham had already testified in considerable detail.

■■ The contention that at the conclusion of the sanity trial the trial court committed error when it refused to direct the jury to return a verdict of insanity is without merit. There is, at the outset, a presumption of sanity. The People then introduced the testimony of the lay witness, Durham, to the effect that Rupert was sane. It is quite true that thereafter, by way of defense, a psychiatrist did testify that in his opinion Rupert was insane as of the date of the alleged commission of the crime. But all this did was pose a disputed issue of fact to be resolved by the trier of the facts. The instant factual situation is somewhat akin to that found in *Arridy v. People,* 103 Colo. 29, 82 P.2d 757. In that case we held that there was sufficient evidence to support a jury's determination that Arridy was sane, even though the medical testimony was to the contrary. And in the *Arridy* case, as in the instant one, the supporting evidence came from lay witnesses, as opposed to expert testimony.

■ Finally, Rupert's suggestion that in the trial of the issues raised by his general plea of not guilty the trial court erred in refusing to be bound by the testi-

mony given by a psychiatrist to the effect that Rupert, as of the date of the alleged crime, could not form any intent, be it general or specific, is under the circumstances untenable. This line of testimony regarding mental condition is proper, but only for the very limited purpose spelled out in C.R.S. 1963, 39-8-1, namely if such testimony bears upon the capacity of the accused to form a specific intent essential to constitute a crime. The argument that such evidence could also form the basis for an outright acquittal on the ground that the accused was unable to form even a general intent to commit a crime was rejected by us in *Russell v. People*, 155 Colo. 422, 395 P.2d 16.

Hence, we need not here concern ourselves with whether the crime of kidnapping involves only a general intent, or requires a showing of a specific intent. In other words, if the particular brand of kidnapping with which we are here concerned involves only a general intent, this line of testimony should not even have been received, and therefore the fact that the trial court refused to be bound by this testimony could not constitute error. But even if the crime of kidnapping involves a specific intent, such testimony, though admissible, was nevertheless not in any manner binding on the trial court. It was still within the province of the trial court, sitting as the trier of the facts, to determine the weight to be given the testimony in question, and the trial court was under no compulsion to accept it as the gospel truth. In short, we perceive no error in this regard.

We are not unaware that some complaint is made by Rupert as to allegedly inadequate legal representation given by his assigned counsel in his sanity trial. In this connection it should be noted that present counsel did not represent Rupert in the trial court. But there is nothing in the record before us which would lend any substance to Rupert's accusation.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE PRINGLE and MR. JUSTICE KELLEY concur.