## No. 24107

### Bobby Eugene Salas v. The People of the State of Colorado
(493 P.2d 1356)

Decided February 22, 1972.

John L. Springer, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Robert L. Hoecker, Assistant, for defendant in error.

*In Department.*

Opinion by EDWARD J. BYRNE\*, District Judge.

Defendant Salas was convicted and sentenced in a previous trial for the crimes of assault to rob and assault. This sentence was vacated and a new trial granted when he filed a motion under Rule 35(b) of the Colorado Rules of Criminal Procedure. The defendant was subsequently convicted in a second trial and now brings error as to that trial.

The People presented as one of their witnesses, Roger Glandon, who was accused of the same crimes in a separate information. The witnesses narrated the events which occurred at the scene of the alleged crimes and testified that the defendant struck the victim with a tire iron and robbed him.

During the direct examination of Glandon, the following took place:

Q. "Did you leave Colorado?"
A. "Yes."
Q. "What did you do?"
A. "Went to Chicago."
Q. "Why did you do that?"
A. "Well, I was pretty scared. I thought maybe Goodson was dead and I didn't want to get involved, so I just left. *Then, when my sister sent me a clipping in the paper that said Bobby was convicted, I come* (sic) *on back.*" (Emphasis added.)

The trial court at this juncture instructed the jury that the italicized portion of this statement was hearsay and that they should disregard it.

The witness then narrated that after he returned to Denver, he was arrested and was confined in the county jail where he spoke with the defendant, who was also in jail.

Q. "Did you talk about this particular case?"
A. "Yes."
Q. "What did you discuss about this case?"
A. "Well, he told me what had happened. See, I didn't know

---

\* District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.

what this whole thing was about. *He told me what had happened during the trial and so forth.*" (Emphasis added.)

At this point, defense counsel objected and moved for a mistrial. The trial court denied the motion and instructed the jury that there had been a previous trial wherein the Judge had granted a new trial due to legal problems; and that the jury was not to be concerned with the result of the previous trial or with the reason for the new trial.

The testimony of Glandon that a newspaper clipping had stated that Salas had been convicted and Glandon's reference to a previous trial was most prejudicial to the defendant. It did not afford him a fair trial. It is possible that the jury's knowledge that another group of citizens in the same community had agreed that Salas was guilty of the same crime could have affected their decision. This possible inference could not be cured or eradicated by an instruction, but was compounded by it.

A proper exercise of the trial court's discretion would have required him to grant the motion for mistrial in order to prevent a denial of justice. *People v. Edmisten,* 176 Colo. 262, 490 P.2d 58; *Brown v. People,* 132 Colo. 561, 291 P.2d 680; *Kelly v. People,* 121 Colo. 243, 215 P.2d 336.

We deem it unnecessary to consider the other assignments of error, inasmuch as this cause must be reversed for failure to declare a mistrial.

Judgment reversed and cause remanded for a new trial.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE HODGES, and GEORGE V. KEMPF, District Judge\*, concur.

---

\* District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.