No. 25413

## The People of the State of Colorado v. Alfred Medina
(521 P.2d 1257)

Decided May 13, 1974.

102

John P. Moore, Attorney General, John E. Bush, Deputy, Jack E. Hanthorn, Assistant, James S. Russell, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, T. Michael Dutton, Deputy, for defendant-appellant.

MR. JUSTICE HODGES delivered the opinion of the Court.

Defendant was charged with robbing an antique shop. He entered pleas of not guilty and not guilty by reason of insanity at the time of the alleged robbery. After trial to a jury, the defendant was found to have been sane at the time

of the offense. At this trial, which will be referred to herein as Trial No. 1, the jury also returned a verdict of sane at the time of trial because the defendant also claimed that he had become insane since the date of the offense.

Several weeks after Trial No. 1, the defendant filed a petition of present insanity pursuant to C.R.S. 1963, 39-8-6(4)(a). Approximately six weeks thereafter, Trial No. 2 to a jury was commenced. After the conclusion of the evidence and testimony, the jury returned a verdict which found that the "defendant since the time of the alleged commission of the offense had not become insane before trial and is now sane."

Thereafter, the trial on the merits was conducted. It will be referred to as Trial No. 3. After the conclusion of the evidence and testimony, the jury found the defendant guilty of robbery. This jury was ordered to remain sequestered for the consideration of the habitual criminal charges. The jury resolved these charges against the defendant, and he was sentenced to the penitentiary in accordance with the habitual criminal statute.

On this appeal, the defendant alleges that reversible errors existed as to each of the three trials requiring reversal of all of the judgments rendered against him.

As to Trial No. 3 on the merits and the habitual criminal charges, we find no reversible error. However, we agree with the defendant's contentions that reversible errors exist in Trials No. 1 and No. 2. The judgments resulting from these sanity trials are therefore reversed and a retrial is ordered. Upon retrial, if the defendant is found to have been insane at the time of the offense or since, the trial court is ordered in that event to vacate the judgment in Trial No. 3.

Of course, if on retrial the defendant is found to be sane at the time of the offense and since, the judgment in Trial No. 3 will remain in effect.

I.

■■ The defendant contends that the trial court committed reversible error in allowing non-expert witnesses to express an opinion as to the defendant's sanity, because the

foundation for admitting such opinion testimony was insufficient. We agree with this contention.

■ It is well established in Colorado, and many other jurisdictions, that a lay witness may, when a proper foundation is laid, express an opinion as to the sanity of another. *Rupert v. People,* 163 Colo. 219, 429 P.2d 276 (1967); *Smith v. People,* 120 Colo. 39, 206 P.2d 826 (1949); and *Turley v. People,* 73 Colo. 518, 216 P. 536 (1923). *See also McKenzie v. United States,* 266 F.2d 524 (10th Cir. 1959). This rule is enunciated and clearly defined in the case of *Leick v. People,* 136 Colo. 535, 322 P.2d 674 (1958) wherein the court stated:

"This court is committed to the rule that 'one who, in the opinion of the trial court, shows adequate means of becoming acquainted with the person whose mental condition is in issue, after detailing the facts and circumstances concerning his acquaintance and the acts, conduct, and conversation upon which his conclusion is based, may give his opinion on the question of sanity . . . .

". . . Furthermore, the opinion of such non-expert is admissible only when it is made to appear that his acquaintanceship with the defendant had the requisite nearness in time after the act in issue which would properly move the sound discretion of the court to receive it . . . ."

■ As expressed in *Leick,* the two significant requirements which must be met before a lay witness can express his opinion as to the sanity of another, are: (1) it must be shown that the lay witness had an adequate means of becoming acquainted with the person whose sanity is in issue, and (2) the contacts must be proximate in time to the alleged offense.

In this case, a doctor who was qualified as an expert in psychiatry, and who had examined and observed the defendant at the Colorado State Hospital, was the first witness. He testified that as a result of his examination and observation, he was of the opinion that the defendant was suffering from chronic paranoid schizophrenia and that he was insane at the time of the commission of the alleged offense and was not

competent to stand trial. The prosecution did not produce any expert witness to rebut the foregoing testimony. The only testimony offered by the prosecution and accepted by the court was the opinion of the sheriff and an investigator of the district attorney's office. The sheriff expressed his opinion that the defendant was sane at the time he conversed with him in jail. The defendant was apprehended in Dallas, Texas and the sheriff brought the defendant back from Dallas to Fort Collins. He also transported the defendant from the Colorado State Hosital at Pueblo back to Fort Collins after his mental examination was completed. At one point in his testimony, the sheriff expressed some reservation as to the defendant's sanity after the trip from Dallas, Texas but in summation, expressed the opinion that the defendant was presently sane.

The investigator for the district attorney's office first met the defendant approximately two months after the offense. The first conversation he had with the defendant lasted for 30 to 45 minutes and concerned the alleged robbery. In all, this investigator talked to the defendant on five or six occasions and each conversation lasted from 45 to 50 minutes. On the basis of these encounters, this witness was allowed to testify that, in his opinion, the defendant was sane at the time of the robbery.

Before such opinion evidence from a non-expert can be admissible, the specific facts upon which the opinion is based must be first stated by the witness and his testimony must also show a close or intimate relationship with the party alleged to be insane. Such a foundation is a fair and reasonable requirement for a non-expert's opinion on the issue of sanity or competency to stand trial. *Rupert v. People, supra; Leick v. People, supra; Turley v. People, supra;* and *Hill v. State,* 249 Ark. 42, 458 S.W.2d 45 (1970).

In *People v. Cole,* 382 Mich. 695, 172 N.W.2d 354 (1969), the Supreme Court of Michigan has set forth well reasoned guidelines as to when a lay witness' opinion on the question of sanity should be acceptable in evidence:

"Before a lay witness is permitted to state an opinion

regarding the sanity or insanity or mental competence or incompetence of a person whose mental condition is at issue, the witness must have had ample opportunity to observe the speech, manner, habits, or conduct of the person. To render himself competent under this rule, the witness must establish he was sufficiently acquainted with the defendant or testator so as to testify to mental condition on a comparative basis and not merely to some manifested idiosyncrasy or eccentric behavior.

"The foundation to be laid in such case must indicate that the conclusions of the witness bear directly upon the issue of sanity and not merely conclusions of fact as to defendant's conduct."

■ Where the foundation testimony fails to conform to the requirements expressed in *Leick v. People, supra,* and where the proper guidelines are not adhered to in judging these requirements, it must be held that the trial court abused its discretion in permitting the admission of such non-expert opinion testimony. The record here indicates clearly that the requisite foundation for this non-expert testimony was not established.

## II.

■ Also, as to Trial No. 1, the district attorney in his closing argument stated, and in effect admonished the jury, that if they found the defendant to be insane, he would never be tried for the criminal act charged. This statement was improper and the trial court recognized this fact by sustaining defense counsel's objection and instructed the jury to disregard it.

Although the defendant did not move for a mistrial on this ground, it is nevertheless his position on this appeal that the trial court erred in not declaring a mistrial *sua sponte.* The defendant now argues that merely instructing the jury to disregard this comment was insufficient to cure the prejudicial effect it may have had upon the jury.

■ The declaration of a mistrial is under most circumstances left to the sound discretion of the trial judge who is in the best position to determine prejudicial effect of

improper comment to the jury and to judge whether his instruction to disregard will sufficiently dissipate the prejudice which may have been improperly created. *Moore v. People,* 174 Colo. 286, 483 P.2d 1340 (1971) and *Reed v. People,* 171 Colo. 421, 467 P.2d 809 (1970).

■ Defendant failed to move for a mistrial. Under the record of this case, "manifest necessity" for the declaration *sua sponte* of a mistrial has not been demonstrated. *See Maes v. District Court,* 180 Colo. 169, 503 P.2d 621 (1972) in which this court discussed the rules regarding the *sua sponte* declaration of a mistrial and pointed out that such a drastic action should only be taken in the case of "manifest necessity."

III.

■ Also, as to Trial No. 1, the defendant argues that the trial court abused its discretion in not granting a motion for mistrial on the ground that the prosecution during the trial made references to and elicited statements regarding the fact that habitual criminal charges were made against this defendant, thus, revealing that he had a record of previous convictions.

With reference to this allegation of error, it should be emphasized that it arises out of a sanity trial and the relevancy and effect of evidence as to the past criminal record of an accused is different than it would be at a trial on the merits. Consequently, the cases cited by the defendant condemning the conviction of defendants on the basis of other offenses have no application here.

Sanity was the sole issue of Trial No. 1 and in this regard, the defendant's past criminal record was introduced by the defendant's expert witness, who testified that he had discussed with the defendant his many previous involvements with the law including robberies. Defendant's expert witness also commented that as a result of previous convictions, the defendant had ". . . spent most of his life in prison . . .". It thus clearly appears from the record that the defendant's expert witness laid before the jury the defendant's previous criminal record in connection with the expert's opinion that

this defendant was insane. We find no merit therefore to the defendant's claim of error in this respect.

## IV.

■ As to Trial No. 2 on the issue of the defendant's sanity at the time of this trial and his competency to stand trial on the merits, the trial court not only permitted the prosecution to elicit the fact that the jury in Trial No. 1 returned a verdict of sane but also gave an instruction to the jury as to that fact. The defendant objected on the ground that the previous verdict of sanity was irrelevant and immaterial to the question of the defendant's present sanity and competency to stand trial. We agree.

We can detect no valid reason in the record why the court permitted the result of the previous sanity trial to be made known to the jury in Trial No. 2. It was patent error and requires reversal of the judgment in Trial No. 2. *See Salas v. People,* 177 Colo. 264, 493 P.2d 1356 (1972).

## V.

On Trial No. 3, the defendant was found guilty of robbery by the jury. As to this trial, the defendant contends that the trial court erroneously refused to grant his motion for change of venue on the ground that the pretrial publicity on this case made it impossible to obtain a fair trial in Larimer County.

■ It is shown from the record that this case did gain some publicity in the newspapers and on voir dire certain of the jurors stated that they had heard of the case. In our view, what we said in *Sergent v. People,* 177 Colo. 354, 497 P.2d 983 (1972) is fully applicable to the facts of this case:

"Here the voir dire amply demonstrates the absence of prejudice and the ability of the jurors to set aside any opinions that they may have received from the news media to the end that the case could be determined on the law and on the evidence."

\* \* \* \*

The judgments in Trials No. 1 and No. 2 are reversed and these causes are remanded for retrial. We affirm the judgment in Trial No. 3 subject, however, to the following contingency. Upon retrial of the sanity issues, if the defendant is found to

have been insane at the time of the offense or has since become insane, the trial court in that event is directed to vacate its judgment in Trial No. 3, and proceed in accordance with the law.

MR. CHIEF JUSTICE PRINGLE does not participate.