## No. 26502

### The People of the State of Colorado v. Jose Pacheco

(553 P.2d 817)

Decided September 7, 1976.

---

500

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General; Stuart A. VanMeveren, District Attorney, Loren B. Schall, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Forrest W. Lewis, Deputy, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE GROVES.

This is an appeal from convictions of menacing by use of a deadly weapon (1971 Perm. Supp., C.R.S. 1963, 40-3-206)[1] and complicity to assault in the third degree (1971 Perm. Supp., C.R.S. 1963, 40-1-703 and 40-3-204).[2] We affirm.

---

[1]Now section 18-3-206, C.R.S. 1973.
[2]Now sections 18-1-603 and 18-3-204, C.R.S. 1973.

The victim, Robert Barrett, was tending bar in a tavern when the defendant entered it. As a result of an altercation involving the defendant, which occurred there approximately five weeks earlier, Barrett asked the defendant to leave. The defendant complied, but, according to Barrett, told Barrett that he would return and kill him.

About fifteen or twenty minutes later, the defendant returned to the bar with three other men. Barrett went to call the police, at which time the four men surrounded him. Barrett testified that three of the men leveled knives at him, while the fourth aimed a gun at his face; that Barrett grabbed the gun, dropped it, and then attempted to flee; that the defendant and two other assailants pursued, knocking Barrett to the ground and stabbing him numerous times about the body; and that the defendant had a knife at the time of the stabbing.

## I.
## ALLEGED PLAIN ERROR IN THE JURY INSTRUCTIONS

■ In order for menacing to constitute a felony under the statute, there must be the use of a deadly weapon. In describing the felony menacing, the trial court submitted to the jury an instruction which reads as follows:

"A person commits the crime of Menacing by Use of a Deadly Weapon if:
"By any threat or physical action he intentionally places or attempts to place another person in fear of imminent serious bodily injury by the use of a deadly weapon.

"The elements of Menacing by Use of a Deadly Weapon are therefore:
1. Intentionally
2. Placing or attempting to place another person in fear of serious bodily injury.
3. By threat or physical action *or* by the use of a deadly weapon." (Emphasis added.)

■ The defendant recognizes that the first part of the instruction is correct, but that the last portion thereof is erroneous in that it joins "by the use of a deadly weapon" in the disjunctive rather than in the conjunctive. No objection was made to this instruction, nor was it raised as error in the defendant's motion for new trial. The defendant asks that we reverse under the doctrine of plain error, citing *People v. Archuleta*, 180 Colo. 156, 503 P.2d 346 (1972).

In *Archuleta*, reversal as plain error was required as the other instructions did not cure the defect. Here, the first part of the quoted instruction and two other instructions made the use of a deadly weapon an essential element. Considering the instructions as a whole, as the jury was instructed to do, we cannot say that there was a reasonable possibility that the erroneous statement contributed to the defendant's conviction, thereby requiring reversal. *People v. Aragon*, 186 Colo. 91, 525 P.2d 1134 (1974).

## II.
## REFUSAL TO GIVE INSTRUCTIONS ON
## LESSER INCLUDED OFFENSE

Defendant tendered two instructions regarding the lesser included offense of misdemeanor menacing, *i.e.*, menacing without the use of a deadly weapon. The instructions were refused by the trial court. The defendant argues that the submission was justified under the (1) evidence and (2) defendant's theory of the case.

 The trial court is obligated to charge the jury with the lesser included offense only where there is a rational basis, warranted by the evidence, for acquitting the defendant of the greater offense, and convicting him of the lesser. Section 18-1-408(6), C.R.S. 1973. The only evidence here is that, either as a principal or an accessory, the defendant used a deadly weapon. Thus the contentions as to an evidentiary basis and theory of the case must fall. *People v. Thompson*, 187 Colo. 252, 529 P.2d 1314 (1975); and *Sims v. People*, 177 Colo. 229, 493 P.2d 365 (1972).

## III.
## ADMISSION OF EVIDENCE OF A PRIOR TRANSACTION

 The court admitted evidence showing that approximately five weeks prior to the date of this stabbing, the defendant, armed with a knife, was involved in an assault in the same bar; and that the altercation ended with threats against Barrett by the defendant. The evidence was admitted to show intent, identity and motive, and the court properly cautioned the jury to consider this evidence only for these limited purposes. This was proper. *People v. Geller*, 189 Colo. 338, 540 P.2d 334 (1975).

The argument that the threats occurred five weeks prior to the stabbing incident and therefore are inadmissible has no merit. *People v. Lazare*, 189 Colo. 530, 542 P.2d 1290 (1975).

Judgment affirmed.

MR. JUSTICE HODGES, MR. JUSTICE KELLEY and MR. JUSTICE ERICKSON concur.