599 P.2d 937 (1979)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Sterling Leroy OSBORN, Defendant-Appellant.
Nos. 77-744, 78-485.
Colorado Court of Appeals, Div. III.
April 26, 1979.
Prior Opinion March 8, 1979 Withdrawn.
Rehearing Denied May 24, 1979.
Certiorari Denied August 20, 1979.
*938 J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., David Schwartz, Asst. Atty. Gen., Denver, for plaintiff-appellee.
Norton Frickey & Associates, Norton Frickey, Donna A. Salmon, Denver, for defendant-appellant.
RULAND, Judge.
Defendant, Sterling Leroy Osborn, was charged with two counts of sexual assault and entered pleas of not guilty by reason of insanity and not guilty. Following the verdict of a jury that he was sane at the time the assault was committed, a trial was held on the merits of the charges and the defendant was convicted by a second jury of sexual assault in the first and second degree. Defendant retained new counsel, and now appeals, asserting that various errors were committed during the course of both his sanity trial and his trial on the merits; moreover, he asserts that he was denied effective assistance of counsel during the trial on the merits. We reverse the judgments *939 and remand the cause for a new trial.
Insofar as pertinent here, the People presented evidence to the effect that on January 11, 1976, at approximately 7:00 p. m., defendant returned home following an afternoon of drinking alcohol at a local bar. There he found his 17-year-old stepdaughter on the living room floor watching television. He approached her and grabbed her breasts. She asked him to stop. Her 18-year-old brother observed defendant's actions, exited through a window, and telephoned the police from a neighbor's house.
Upon arriving at defendant's residence, Officers Jesse Falk and Michael Green looked through a window and observed defendant situated on top of the victim apparently engaged in the motions of sexual intercourse. Both officers entered the house, and Officer Falk pulled defendant to a standing position.
While en route to the police car, defendant volunteered that he had "done wrong," that he was sorry, and that he was unable to penetrate the victim. Defendant was then given Miranda warnings in the police car. Defendant was later transported to a hospital and while en route, he repeated his earlier statement.
At the hospital, a tape recording was made of his second Miranda warnings and his reply that he did not wish to make any statement without counsel. The tape recorder was then turned off. Shortly thereafter, defendant commented to Officer Walsh that, "You know, I have a problem. You know, I need help." Walsh asked the defendant what he meant, and defendant responded with incriminating statements in a question and answer period which was tape recorded without defendant's consent. Defendant's statements were later admitted at both the sanity trial and at the trial on the merits.

I. ERRORS ALLEGED RELATIVE TO THE SANITY TRIAL

A. Motion for New Trial Requirement

Defendant did not file a motion for a new trial following his sanity trial, but timely filed such a motion following his trial on the merits. Defendant first contends that the trial court erred when it refused to rule on that portion of his motion which pertained to his sanity trial. We agree.
Defendant's single motion was sufficient to preserve for appeal the errors alleged. This is because the judgment declaring the defendant sane was not final for purposes of appeal until defendant was also found guilty of the crime charged. See Rupert v. People, 156 Colo. 277, 398 P.2d 434 (1965); see also Crim.P. 33(b); C. Torcia, Wharton's Criminal Procedure § 641 (12th ed. 1976).
Because the trial judge who presided in this case has since retired, we will address the issues raised in the motion without first remanding the case to the trial court.

B. Jury Instructions

Defendant contends that the trial court erred when it failed to instruct the jury pursuant to defendant's tendered instruction as to the consequences of a verdict of not guilty by reason of insanity. Relying upon the rule announced in Ingles v. People, 90 Colo. 51, 6 P.2d 455 (1931), the trial court refused the tendered instruction. While this case was pending on appeal, in People v. Thomson, Colo., 591 P.2d 1031 (1979), our Supreme Court held that "a defendant who is relying on an insanity defense is entitled, upon request, to an instruction on commitment procedures," and that to the extent that Ingles was inconsistent with this rule, Ingles was overruled.
The People concede that defendant's tendered instruction in this case substantially complied with the instruction approved by the Court in Thomson, supra. However, relying upon English v. People, 178 Colo. 325, 497 P.2d 691 (1972), the People contend that the rule in Thomson should be given prospective effect only. We disagree.
In Martinez v. People, 172 Colo. 82, 470 P.2d 26 (1970), the Court disapproved the wording of the former stock instruction on the presumption of innocence, but the Court specifically indicated that the revised instruction *940 should be given "in all future cases." In English, supra, the Court reaffirmed that the rule in Martinez was prospective only. See also Wells v. People, Colo., 592 P.2d 1321 (announced April 9, 1979, modified April 19, 1979).
The Court did not place a similar limitation upon the rule announced in Thomson. And, in view of the important concerns which persuaded the Court in Thomson to change the rule in this state, we conclude that Thomson must be applied retroactively to all cases in which the judgment of conviction is not yet final. See State v. Beckert, 326 So.2d 494 (La.1976); see also People v. Hampton, 384 Mich. 669, 187 N.W.2d 404 (1971).
We have considered defendant's other contentions relative to the jury instructions and find them to be without merit.
Because the sanity phase of this case must be retried, we address only the other contentions of defendant which may arise on retrial.

C. Suppression of Statements

The defendant contends that the inculpatory statements made to Officer Walsh at the hospital after he had requested counsel should have been suppressed at the sanity trial. This contention lacks merit.
In a sanity trial the admission of statements made by the defendant does not violate his right against self-incrimination because the issue of defendant's guilt is not decided. See Lewis v. Thulemeyer, 189 Colo. 139, 538 P.2d 441 (1975). Rather, the statements are properly admitted as relevant to defendant's sanity at the time of the assault. See Trujillo v. People, 150 Colo. 235, 372 P.2d 86 (1962).

D. Motion for Mistrial

The district attorney made an opening statement outlining the evidence he intended to present to the jury in response to any evidence of insanity. Then he rested on the presumption of sanity without presenting any evidence. See § 16-8-105(2), C.R.S.1973 (1978 Repl. Vol. 8). Defendant contends that his motion for a mistrial should have been granted under these circumstances. See Thompson v. People, 139 Colo. 15, 336 P.2d 93 (1959). The trial court properly denied defendant's motion.
The trial court has discretion to determine the order in which the evidence will be presented at the sanity trial. Elliott v. People, 176 Colo. 373, 490 P.2d 687 (1971). We find no support in the record for defendant's contention that he was prejudiced by this procedure because he was free to proceed with the evidence in support of his claim of insanity, which, in turn, required the district attorney thereafter to present the evidence alluded to in his opening statement. See § 16-8-105(2), C.R.S.1973 (1978 Repl. Vol. 8).

E. Admission of Lay Testimony

Defendant next contends that Officers Walsh and Lewis should not have been permitted to testify as to their opinion of his sanity. We find no reversible error.
A lay witness may give an opinion relative to the defendant's sanity if the witness details the facts which demonstrate his acquaintance with the defendant, and if those facts demonstrate that the acquaintanceship is close and that contacts were maintained at a point proximate in time to the alleged offense. People v. Medina, 185 Colo. 101, 521 P.2d 1257 (1974). See also § 16-8-109, C.R.S.1973 (now in 1978 Repl. Vol. 8).
Here, Officer Lewis had met the defendant on three previous occasions, including two hunting trips, and had a two-hour conversation with the defendant at the hospital on the night of the alleged crime. Lewis outlined the details of his acquaintanceship with defendant, and his hospital conversation was near in time to the alleged crime; thus he demonstrated the relationship required by Medina.
Officer Walsh met Osborn at the hospital where they had a three-hour conversation. However, Walsh had no prior acquaintanceship with the defendant. This relationship fails to satisfy the Medina standards, and thus, Walsh's testimony was inadmissible. Nevertheless, the improper admission *941 of Walsh's testimony does not warrant reversal because it was merely cumulative of testimony by three experts and three laypersons that defendant was sane. See People v. O'Donnell, 184 Colo. 104, 518 P.2d 945 (1974).
Contrary to defendant's contention, we find no reversible error in the trial court's exclusion of an opinion by the witness Croll as to the defendant's insanity on the date of the assault. While the witness was not allowed to express this opinion, as an expert in the field of alcoholism, she stated without objection that, because the defendant was drinking on the night in question, "[T]here would be no ability to control himself and probably no idea about what was going to happen until it did happen." Also, she was allowed to state that she had reviewed the reports of two psychiatrists who found defendant insane and that she fully agreed with their conclusions. While the reports were not admitted in evidence, the conclusions of those experts were before the jury.

II. ERRORS ALLEGED AT THE TRIAL ON THE MERITS
Defendant contends that his incriminatory statements made to Officer Walsh at the hospital after he had requested counsel should have been suppressed. We agree.
Consistent with the United States Supreme Court's decision in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), our Supreme Court has held on numerous occasions that once the accused asks for counsel, questioning by law enforcement officers must be terminated immediately and not resumed until counsel is present. Conversely, once the accused has requested counsel, any statements made in response to further interrogation by the law enforcement officers are inadmissible in evidence. See, e. g., People v. Richards, Colo., 568 P.2d 1173 (1977); People v. Harris, Colo., 552 P.2d 10 (1976). Contrary to the trial court's conclusion, the officer's testimony at the suppression hearing established a violation of this well established rule. The officer stated:
"[A]fter he [the defendant] said `I need help,' gee, after each question I would ask him what he meant by that, or ask him another question about something that might clarify something or whatnot. It went on as question and answer after that." (emphasis supplied)
And, the record further reflects that the officer's questioning covered events which occurred from the time defendant returned to his residence to the conclusion of the alleged assault as well as pertaining to the previous relationship between defendant and his stepdaughter.
Nor can we accept the People's contention that admission of these statements constituted harmless error. In order for the error to be considered harmless, it must appear beyond a reasonable doubt that admission of these statements "did not contribute to defendant's conviction." Early v. People, 178 Colo. 167, 496 P.2d 1021 (1972).
Conviction of first degree assault requires penetration, see § 18-3-402, C.R.S.1973 (1978 Repl. Vol. 8), as defined in § 18-3-401, C.R.S.1973 (1978 Repl. Vol. 8). While both Officer Falk and the stepdaughter testified that penetration occurred, the other eyewitness, Officer Green, did not observe penetration by the defendant, defendant denied in his volunteered statements that penetration occurred, and the defense produced testimony by another officer to the effect that Officer Falk was not a credible witness. Thus, the evidence was in conflict on this issue. And, among the incriminatory statements made to the officer by defendant was an admission that one of his prior exculpatory statements was a "damned lie." Hence, the jury may well have considered that admission in resolving the conflict.
Conviction of second degree assault under the facts of this case may well been based upon a finding of a sexual intrusion as defined in § 18-3-401, C.R.S.1973 (1978 Repl. Vol. 8). While the stepdaughter testified to the intrusion, neither officer observed that violation. However, in connection with the incriminating statements *942 made to the officer at the hospital, defendant confessed the intrusion.
Under the circumstances outlined above, we cannot say beyond a reasonable doubt that the inadmissible statements did not contribute to defendant's conviction. Hence, the case must be remanded for a new trial.

III. EFFECTIVE ASSISTANCE OF COUNSEL
Defendant asserts that the trial court erred in denying his Crim.P. 35(b) motion which alleged numerous shortcomings in his legal representation during the trial on the merits. These allegations included, inter alia, failure to present evidence of defendant's alleged impotency, failure to introduce evidence of negative test results from a vaginal smear examination conducted on the stepdaughter, failure to introduce testimony from two defense witnesses because of trial counsel's inadvertent failure to instruct the witnesses to stay out of the courtroom in compliance with the court's sequestration order. However, we conclude that it is unnecessary to address these contentions because the case must be remanded for a new trial.
The judgment determining that defendant was sane at the time of the commission of the alleged crimes is reversed and the cause remanded for a new trial. The judgment of conviction is also reversed and the cause remanded for a new trial.
SMITH and STERNBERG, JJ., concur.