The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Flozell Jefferson BEASLEY, Defendant-Appellant.

No. 83CA0316.

Colorado Court of Appeals, Div. I.

March 29, 1984.

Rehearing Denied April 26, 1984.

Certiorari Denied Aug. 20, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Patricia A. Wallace, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Ott, Kirkwood & Cronan, Edward L. Kirkwood, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, Flozell Jefferson Beasley, appeals a jury verdict of sane returned at the conclusion of his second sanity trial, citing as reversible error two rulings made by the trial court which (1) allowed a psychiatrist who had examined defendant for purposes

of determining sanity in another unrelated criminal action to testify for the state; and (2) allowed another psychiatrist to express an expert opinion based upon the trial court record of the original sanity trial, which included local and out-of-state police reports, his own diagnostic report, and presentence reports. We affirm.

Defendant was charged with felony murder, robbery, and conspiracy in March 1976. He entered a plea of not guilty by reason of insanity in June 1976, at which time the trial court advised him of the consequences of his plea.

Thereafter, the trial court granted motions of both the prosecution and defense, ordering several psychiatrists to examine defendant, prepare diagnostic reports, and testify at trial concerning defendant's sanity. The sanity trial was held in February 1977, and defendant was found sane.

During the summer of 1977, defendant was tried and found guilty of felony murder and robbery. This conviction was appealed and affirmed. *See People v. Beasley*, (Colo.App. No. 77–876, Oct. 11, 1979) (not selected for official publication).

In November 1981 defendant sought post-conviction relief under Crim.P. 35(c), alleging ineffective assistance of counsel and trial court error concerning testimony of expert witnesses during the sanity trial. The trial court granted defendant's motion, and a second sanity trial in November 1982 resulted in a verdict of sane.

I.

Defendant first contends the trial court erred in a number of respects concerning the testimony of a psychiatrist who had not been appointed or ordered to examine defendant during this action, but who had examined defendant concerning his sanity and competency to stand trial in conjunction with a separate and unrelated 1976 criminal action.

A.

■ Defendant neither objected to nor argues on appeal the relevancy of the witness' testimony, but instead, asserts that testimony violated the governing statutory guidelines set forth in § 16–8–106, C.R.S. (1978 Repl.Vol. 8).

*Early v. People*, 142 Colo. 462, 352 P.2d 112 (1960), construing C.R.S.1953, 39–8–1, controls here because the statutory sections in effect at the time of Beasley's second sanity trial, §§ 16–8–103 and 16–8–106, do not reflect any substantial changes from C.R.S.1953, 39–8–1, a repealed statute.

C.R.S.1953, 39–8–1(1), provided as follows:

"If one of the defenses of the defendant is insanity, it must be pleaded at the same time with all other pleas, unless it is to be the sole plea of the charge. It must be pleaded orally, either by defendant or by his counsel, in the form not guilty by reason of insanity at the time of the alleged commission of the crime. A defendant who does not plead not guilty by reason of insanity shall be conclusively presumed to have been sane at the time of the commission of the offense charged, provided that the court for good cause shown may allow a change of plea at any time before the commencement of trial. A defendant who pleads not guilty by reason of insanity, without also pleading not guilty, thereby admits the commission of the offense charged."

*Early* held that this section of the statute did not operate to exclude any other possible mental examinations of an accused. Therefore, § 16–8–103 and 16–8–106, C.R.S., its successors, do not provide the exclusive procedure to be followed. Hence, we hold that the trial court did not err in allowing the witness here to testify concerning defendant's sanity. With this ruling, we also reject defendant's argument that good cause must be shown before additional examinations of a defendant may be obtained for use at a sanity trial.

B.

Defendant's contention that this witness' examination occurred without advisement by the court is also without merit.

■ Defendant correctly states that § 16–8–103(4), C.R.S. (1978 Repl.Vol. 8) requires a trial court to advise a defendant of the consequences of the plea of not guilty by reason of insanity.

Here, because the record does not show that defendant received a plea advisement prior to this witness' examination of him he asserts that prejudicial error occurred. On appeal, the record is incomplete, and, accordingly, we can only assume the trial court properly advised defendant upon accepting his plea. *Till v. People*, 196 Colo. 126, 581 P.2d 299 (1978).

### C.

■ In light of our disposition of the issue raised in Part A, *supra*, defendant's next contention, concerning this witness' failure to submit a report to the trial court concerning his evaluation, is also without merit. Because an evaluation of a defendant can occur outside the boundaries of § 16–8–106, submission of a report by such a physician would not be required unless his examination and reports were pursuant to court order.

### II.

■ Finally, defendant contends the trial court erred when it allowed another psychiatrist to express his expert opinion based, in part, upon copies of the diagnostic report he had submitted in conjunction with the original sanity trial, police reports, and presentence reports, all of which became a part of the trial court record in the original sanity trial. We disagree.

■ Under most circumstances an expert may base his opinion upon facts or data made known to him prior to trial. CRE 703 all of this information need not be admissible in evidence, provided it is of a type reasonably relied upon by experts in the field in forming their opinions. *People v. Beasley*, 43 Colo.App. 488, 608 P.2d 835 (1979). The expert may also refresh his

memory with the aid of the trial court record, a public record, which included his previous testimony and his diagnostic report to the court. CRE 612.

Accordingly, the judgment is affirmed.

BERMAN and METZGER, JJ., concur.