**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

**v.**

**Troy Roger CAGLE, Defendant–Appellant.**

**No. 87CA1272.**

Colorado Court of Appeals, Div. II.

Feb. 23, 1989.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Dixon and Snow, P.C., Steven Janiszewski, Denver, for defendant-appellant.

SMITH, Judge.

Defendant appeals the imposition of sentence upon revocation of his probation. We affirm.

In November 1982, defendant was sentenced to four years probation, based on his guilty plea to a class four felony for attempted distribution of a controlled substance. Conditions of that probation included serving 90 days in the county jail and submitting to drug and alcohol therapy "including urine drops."

A complaint for revocation of probation was filed in October 1984 premised on defendant's alleged failure to provide urine samples. After defendant's admission of the allegations in that complaint, in January 1985, the trial court revoked the existing probation and again sentenced him to four years of probation. The terms and conditions of that probation were essentially the same as the previous probation and included monitored urine screens.

Although defendant subsequently had a positive urine analysis, his probation officer decided not to seek revocation based on that violation of the conditions of probation. Later, in June 1986, the officer withdrew a complaint for revocation which had been filed based on criminal charges of which defendant was later acquitted.

However, in February 1987, a complaint for revocation was filed for his failure to submit to any urine screen for the previous five months and for his failure to appear for appointments with his probation officer.

At the resulting hearing in May 1987, the court revoked defendant's probation and sentenced him to 90 days in the county jail. This last sentence is the subject of this appeal.

## I.

■ Defendant first contends that, under *People v. Knaub*, 624 P.2d 922 (Colo. App.1982), the total duration of his probation could be no longer than his allowable term of confinement. We disagree.

In *People v. Flenniken*, 749 P.2d 395 (Colo.1988), our supreme court concluded that the maximum sentence in the presumptive range as set forth in § 18–1–105, C.R.S. (1986 Repl.Vol. 8B) does not establish the maximum period of probation to which a defendant may be sentenced. The court specifically held that this court's reliance on *People v. Knaub, supra,* was misplaced.

Although defendant recognizes the supreme court's ruling in *People v. Flenniken, supra,* he argues that that decision is inapplicable because it did not exist when the trial court ruled on defendant's motion. We disagree.

Inasmuch as the court did not place a prospective limitation upon the rule it announced in *Flenniken,* and inasmuch as probation is primarily a rehabilitative mechanism, we conclude that the holding in Flenniken should be given retrospective effect. *See People v. Beasley*, 43 Colo.App. 488, 608 P.2d 835 (1980); *People v. Osborn*, 42 Colo.App. 376, 599 P.2d 937 (1979).

## II.

Defendant also contends that §§ 16–11–202 and 16–11–206(5), C.R.S. (1986 Repl. Vol. 8A) are unconstitutional. This Court requested transfer to the Supreme Court which declined to accept jurisdiction. We do not consider this issue because it is beyond our jurisdiction. *See* § 13–4–102(1)(b), C.R.S. (1987 Repl.Vol. 6A); *People v. Salazar*, 715 P.2d 1265 (Colo.App.1985).

## III.

■ Finally, defendant argues that the trial court lacked jurisdiction to revoke his probation in 1987 because, according to defendant, a probation officer must seek revocation if a probationer is convicted of a felony. Thus, he contends that the court should not have excluded, as irrelevant, testimony which defendant attempted to elicit from his probation officer regarding his failure to pursue revocation based on the criminal charges filed in 1986 against defendant. Defendant asserts that his probation could not be revoked in May 1987 because his probation officer was equitably estopped from pursuing that revocation by virtue of his having previously failed to seek revocation based on those violations of the conditions of probation of which he was then aware. We are not persuaded by defendant's arguments.

Although a mandatory condition of probation is that the defendant not commit another offense during the period for which the sentence remains subject to revocation, *see* § 16–11–204(1), C.R.S. (1986 Repl.Vol. 8A), the plain language of § 16–11–205, C.R.S. (1986 Repl.Vol. 8A) permits a probation officer to exercise his discretion to arrest a probationer or to issue to him a summons requiring his appearance before court to answer to charges of violation of the conditions of probation.

Application of the rule of lenity, *see People v. Lowe*, 660 P.2d 1261 (Colo.1983), to this *asserted* ambiguity actually provides additional support for the conclusion that a probation officer has the discretion to choose the appropriate remedy, if any, to pursue when a probationer has violated the conditions of his probation. Thus, a decision not to pursue revocation for a violation does not preclude subsequent revocation for a later violation.

Accordingly, insofar as we have jurisdiction of the issues raised, the judgment of the trial court is affirmed.

MARQUEZ and SILVERSTEIN, JJ., concur.